N/S

ELIZABETH BARRY – In Pro Se
9782 Oak Pass Road
Beverly Hills, California  90210
        Telephone No.: (310) 383-8171
        E-Mail Address: EBarryCompany@aol.com

FILED
CLERK, U.S. DISTRICT COURT

JAN - 8 2015

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

Plaintiff Files This Plaintiff's Complaint For Damages Alleging
Fraud By The Defendant *In Pro Per* And *In Persona Propria*

# UNITED STATES DISTRICT COURT FOR THE

## CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION)

Case No.: **CV15-147** *TJH  SSx*

ELIZABETH BARRY,

        Plaintiff,

vs.

WASHINGTON MUTUAL BANK, FA;
CALIFORNIA RECONVEYANCE
COMPANY;
JP MORGAN CHASE BANK NATIONAL
ASSOCIATION;
PENNYMAC CORP.;
CT LIEN SOLUTIONS;
ALAW;

DOES 1-100, Inclusive

        Defendants.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND NOTICE OF QUIET TITLE ALLEGING FRAUD UPON THE PLAINTIFF BY THE DEFENDANT TO UNLAWFULLY TRANFER OWNERSHIP OF THE PLAINTIFF'S REAL PROPERTY CITING THE FOLLOWING:**

| | |
|---|---|
| 1 | **INJUNCTIVE RELIEF** |
| 2 | **CONSPIRACY** |
| 3 | **UNJUST ENRICHMENT** |
| 4 | **EMOTIONAL DISTRESS** |
| 5 | **RICO VIOLATIONS OF CIVIL CODE § 7200 & 1710** |
| 6 | **RICO VIOLATIONS OF RESPA** |
| 7 | **RICO VIOLATIONS** |
| 8 | **UNFAIR COMPETITION** |
| 9 | **MATERIAL MISREPRESENTATIONS** |
| 10 | **WRONGFUL FORECLOSURE** |
| 11 | **FRAUD, DECEPTION, CONCEALMENT** |
| 12 | **DEFECTIVE SECURITIZATIONS** |
| 13 | **BREACH OF SECURITY INSTRUMENT** |
| 14 | **DECLARATORY JUDGMENT** |
| 15 | **QUIET TITLE** |
| 16 | **BREACH OF DUTY OF GOOD FAITH** |
| 17 | **VIOLATIONS OF MODIFICATION** |
| 18 | **SLANDER OF TITLE** |
| 19 | **CONVERSION** |
| 20 | **DECLARATORY RELIEF** |
| 21 | **VIOLATION OF 15 U.S.C. § 1692** |
| 22 | **VIOLATION OF BUS. AND PROF. CODE § 17200** |
| 23 | **BIFUCATION OF THE DEED OF TRUST** |

PAID

JAN - 8 2015

Clerk, US District Court
COURT 4612

**-1-**
## PLAINTIFF'S COMPLAINT FOR DAMAGES

**24  JUDICIAL ESTOPPLE**
**25  DECLARATORY JUDGMENT**
**26  BREACH OF CONTRACT**
**27  FRAUDULENT CONVEYANCE**

**THIS ACTION CONTAINS MULTIPLE DECLARATORY ACTIONS**
[JURY TRIAL DEMANDED]

Complaint Filed December 19, 2014

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

# TABLE OF CONTENTS

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND
NOTICE OF QUIET TITLE ALLEGING FRAUD
UPON THE PLAINTIFF BY THE DEFENDANT TO
UNLAWFULLY TRANFER OWNERSHIP OF
PLAINTIFF'S REAL PROPERTY**……………………………………………..…..Pg. 3

**I.    PARTIES TO THIS ACTION**………………………………………………......Pgs. 3 to 4

**II.   JURISDICTION AND VENUE**……………………………………………….Pg. 4

**III.  VIOLATION OF RESPA**……………………………………………….....Pgs. 4 to 5

**IV.   VIOLATIONS COMPRISING CAUSE OF ACTION**……………Pgs. 5 to 13

**V.    CONSPIRACY TO DEPRIVE AND
ILLEGALLY CONVERT PLAINTIFF'S REAL
PROPERY BY ALL DEFENDANTS**……………………………...Pgs. 13 to 16

**VI.   ALAW EQUATION MUST BE JUDICIALLY
ESTOPPED FROM BEING THE
TRUSTEE OF THE NOTE**…………………………………………Pgs. 16 to 17

**VII.  SECURITIZATION THE IMPLOSION OF
THE DEFENDANT**………………………………………………….Pgs. 18 to 21

**VIII. FACTUAL ALLEGATIONS TO DEFECTIVE
SECURITIZATIONS BY THE TRUST ENTITIES
AND DEFENDANT BANKS**………………………………………….Pgs. 21 to 23

**IX.   PRUDENTIAL STANDING**………………………………………....Pgs. 23 to 25

**X.    ROBO- SIGNERS**………………………………………………............Pgs. 26

**XI.   WRONGFUL NOTICE OF FORECLOSURE**……………………Pgs. 26 to 27

**XII.  FRAUD, DECEPTION AND CONCEALMENT
BY DEFENDANT**………………………………………………...Pgs. 27 to 28

**XIII. FIRST CAUSE OF ACTION INJUNCTIVE RELIEF
FOR VIOLATION OF CALIFORNIA CIVIL CODE §
2923.5 AND OTHER ISSUES WITHIN THIS
COMPLAINT (AGAINST DEFENDANTS)**...………………………Pgs. 28 to 29

I

## TABLE OF CONTENTS (Continued)

XIV.  SECOND CAUSE OF ACTION – VIOLATION
      OF RESPA……………………………………………………Pgs. 29 to 30

XV.   THIRD CAUSE OF ACTION R.I.C.O. SUPPORTED
      BY THE DEFENDANT'S VIOLATIONS OF CALIFORNIA
      CIVIL CODE §§ 17200 & 17210 AND FRAUD PURSUANT
      TO THE COMMON LAWS OF CALIFORNIA AND RESPA….Pgs. 30 to 33

XVI.  FOURTH CAUSE OF ACTION R.I.C.O. CONSPIRACY –
      RESPA (ALL DEFENDANT BANKS, TRUSTEES,
      BENEFICIARIES, NOTARIES, SERVICERS
      AND EMPLOYEES INTERNALLY)……………………………..Pgs. 33 to 34

VXII. FIFTH CAUSE OF ACTION R.I.C.O.
      SUPPORTED BY DEFENDANT'S ROBO SIGNING,
      MODIFICATION, VIOLATION OF CALIFORNIA
      CIVIL CODE §§ 17200 & 17210, FRAUD AND RESPA
      (AS TO EACH INDIVIDUAL BANK AND THEIR
      TRUSTEE, BENEFICIARY, NOTARY, SERVICER
      AND EMPLOYEES INTERNALLY)……………………………..Pgs. 34 to 36

XVIII. SIXTH CAUSE OF ACTION BREACH OF SECURITY
      INSTRUMENT (AS TO DEFENDANT)…………………………..Pgs. 37 to 38

XIX.  SEVENTH CAUSE OF ACTION DECLARATORY
      JUDGMENT QUIET TITLE (TO ALL DEFENDANT
      BANKS AND DOE DEFENDANTS)……………………………Pgs. 38 to 41

XX.   EIGHTH CAUSE OF ACTION DEFENDANT'S
      VIOLATIONS OF HOME AFFORDABLE MODIFICATION
      AND PROGRAM – SLANDER OF TITLE (AGAINST
      ALL BANK DEFENDANTS)……………………………………Pgs. 41 to 42

XXI.  NINTH CAUSE OF ACTION CONVERSION –
      DECLARATORY RELIEF:  TO DETERMINE STATUS
      OF DEFENDANTS' CLAIMS [TITLE 28 U.S.C. §§ 2201,
      2202] (AGAINST DEFENDANT BANKS AND
      DOE DEFENDANTS)……………………………………………Pgs. 42 to 44

XXII. TENTH CAUSE OF ACTION VIOLATION
      OF 15 U.S.C. § 1692, ET SEQ
      (AGAINST DEFENDANT BANK)…………………………..Pgs. 44 to 47

## TABLE OF CONTENTS (Continued)

XXIII. ELEVENTH CAUSE OF ACTION VIOLATIONS
OF BUSINESS AND PROFESSIONS CODE §§ 17200,
ET SEQ.(AGAINST DEFENDANT BANKS
AND DOE DEFENDANTS)……………………….……………...Pgs. 47 to 50

XXIV. TWELFTH CAUSE OF ACTION BIFUCATION
OF THE DEED OF TRUST FROM THE NOTE…………………Pgs. 50 to 52

XXV. THIRTEENTH CAUSE OF ACTION JUDICIAL
ESTOPPLE – DEFENDANT IS NOT THE BENEFICIAL
OWNER OF THE NOTE………………………….……………….............Pg. 52

XXVI. FOURTEENTH CAUSE OF ACTION DECLARATORY
JUDGMENT – THE BANK DEFENDANTS DO NOT
OWN THE NOTE (TO ALL BANK DEFENDANTS)………..….Pgs. 52 to 54

XXVII. FIFTEENTH CAUSE OF ACTION
BREACH OF CONTRACT……………………….……………………….Pg. 54

XXVIII. SIXTEENTH CAUSE OF ACTION VIOLATION
OF THE UNIFORM FRAUDULENT
CONVEYANCE ACT…………………………….……………….Pgs. 54 to 55

XXIX. SEVENTEENTH CAUSE OF ACTION
UNJUST ENRICHMENT………………………….…………….Pgs. 55 to 56

XXX. TENDER…………………………………….…………………...Pgs. 56 to 58

XXXI. PRAYER FOR RELIEF……………………….…………….....Pgs. 58 to 60

PROOF OF SERVICE WITH SERVICE LIST………….…………......Pgs. 61 to 62


# CITATIONS OF POINTS AND AUTHORITIES

*Gilbert v. United States*, 370 U.S. 650 (1961)..........................................Pg. 10

*United States v. Hill*, 579 F.2d 480 (8th Cir. 1978)....................................Pg. 10

*United Medical Management Ltd. v. Gatto* 49
Cal.App.4th 1732 (1996)...............................................................Pg. 14

*Perlas v. Mortgage Elec. Registration Systems, Inc.,* 2010 WL
3079262 * 7, an unpublished case as of 10/18/2010...................................Pg. 14

*Tucker v. Cave Springs Min. Corp.* (1934) 139 Cal. App.
213, 217 [33 P.2d 871].................................................................Pg. 14

*Merchants Bank v. Spalding*, 12 Barbour, p.3...........................................Pg. 14

*Lambert v. California*, 355 U.S. 225 (1957).............................................Pg. 14

*Shevlin – Carpenter Company and John F. Irwin, Plffs, in Err.,*
*–v– State of Minnesota*, 218 U.S. 57 30 S.Ct. 663 54 L.Ed. 930......................Pg. 15

*Nebraska v. MERS*, 704 N.W.2d 784 (2005) 270 Neb. 529.............................Pg. 17

*In Re: Veal* Opinion...................................................................Pg. 19 & 51

*Sprint*, 554 U.S. at 289 (quoting *Elk Grove*, 542 U.S. at 11)

*County of Kern*, 581 F.3d at 845.......................................................Pg. 24

*Warth*, 422 U.S. at 499................................................................Pg. 24

*Oregon vs Legal Servs, Corp.*, 552 F.3d 966-971 (9th Cir)...........................Pg. 24

*Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008)........................Pg. 24

*Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997)...................Pg. 25

*Diamond v. Charles*, 476 U.S. 54, 69 (1986)...........................................Pg. 25

*Chattanooga Nat'l Bldg. & Loan Ass 'n. v. Denson,* 189
U.S. 408, 23 S. Ct. 630 (1903)........................................................Pg. 25

*California v. ReconTrust Company, N.A.,* King County
Superior Court No. 11-2-26867- 5, at [-r 2.5, 4.2-4.3
(filed Aug. 4, 2011)...................................................................Pg. 25

## <u>CITATIONS OF POINTS AND AUTHORITIES (Continued)</u>

*LaSalle Bank Nat. Ass'n v. Lamy*, 824 N.Y.S.2d 769, 2006
WL 2251721 (Sup. 2006)………………………………………………………………Pg. 57

# CITATIONS OF UNITED STATES ANNOTATED CODE

Title 12 U.S.C § 2605………………………………………………………Pg. 4

Title 12 U.S.C. § 2605(e)(1)(A)………………………………………Pgs. 4 to 5

Title 12 § 2605(e)(1)(B)……………………………………………………Pg. 5

Title 12 U.S.C. § 2605(f)………………………………………………...Pg. 5

Title 15 U.S.C § 130(a) "Truth in Lending Act"…………………………...Pg. 4

Title 15 U.S.C. § 1640(a)…………………………………………………...Pg. 4

Title 15 U.S.C § 1692…………………………………………Pgs. 4, 44, 46 & 47

Title 15 U.S.C.§ 1692a(6)…………………………………………………Pg. 45

Title15 U.S.C. §1692e (2) (A), (5)………………………………………Pg. 45

Title 15 U.S.C. § 1692(e)…………………………………………………Pg. 46

15 U.S.C. § 1692k(a)(1)……………………………………………………Pg. 46

Title 15 U.S.C. § 1692k(a)(2)(A)………………………………………...Pg. 46

Title 15 U.S.C. § 1692k(a)(3)……………………………………………Pg. 46

Title 18 USC § 2 – "Aiding And Abetting The Commission
Of A Crime"……………………………………………………………Pg. 11

Title 18 U.S.C.  § 371…………………………………………………...Pg. 4

Title 18 USC 495 – "Forgery"……………………………………………Pg. 10

Title 18 U.S.C. § 962(a)…………………………………………………..Pg. 36

Title 18 U.S.C. § 962(b)…………………………………………………..Pg. 36

Title 18 U.S.C. § 962(c)…………………………………………………..Pg. 36

Title 18 USC § 1001 "False Statements"…………………………Pgs. 8, 9 & 10

Title 18 U.S.C. § 1021……………………………………………………...Pg. 4

## CITATIONS OF UNITED STATES ANNOTATED CODE (Continued)

Title 18 USC § 1028 – "Fraud and Related Activity in
Connection with Identification Documents and Information"..........................Pg. 23

Title 18 U.S.C. § 1331...........................................................................Pg. 4

Title 18 U.S.C. § 1332...........................................................................Pg. 4

Title 18 U.S.C. § 1341................................................Pgs. 4, 30, 32 & 35

Title 18 U.S.C. § 1343................................................Pgs. 4, 30, 32 & 35

Title 18 U.S.C. § 1344................................................Pgs. 4, 30, 32 & 35

Title 18 U.S.C. § 1951................................................Pgs. 4, 30, 32 & 35

Title 18 U.S.C. § 1952...................................................Pgs. 30, 32 & 35

Title 18 U.S.C. § 1956...................................................Pgs. 30, 32 & 35

Title 18 U.S.C §§ 1961-68.............................................Pgs. 4, 28 & 30

Title 18 U.S.C. § 1961.........................................................................Pg. 34

Title 18 U.S.C. § 1961(1)................................................Pg. 32 & 35

Title 18 U.S.C. §§ 1961(3)...................................................................Pg. 34

Title 18 U.S.C. §§ 1961(4)............................................Pgs. 32 & 35

Title 18 U.S.C. § 1961(5)....................................................................Pg. 34

Title 18 U.S.C. § 1962....................................Pgs. 31, 32, 34 & 35

Title 18 U.S.C. § 1962(a).............................................Pgs. 32 & 36

Title 18 U.S.C. §1962(b)......................................................................Pg. 33

Title 18 U.S.C. § 1962(c)..............................................Pgs. 33 & 34

Title 18 U.S.C. § 1962(d).............................................Pgs. 33 & 34

Title 18 U.S.C. § 1964.................................................................Pg. 31

Title 18 U.S.C. § 1964(c)...................................Pgs. 31, 33, 34 & 36

## <u>CITATIONS OF UNITED STATES ANNOTATED CODE (Continued)</u>

Title 18 U.S.C. § 2202……………………………………………..…..Pg. 4

Title 18 U.S.C. § 2314……………………………………….Pgs. 30, 32 & 35

Title 18 U.S.C. § 2315……………………………………….Pgs. 30, 32 & 35

Title 19 U.S.C. § 1337…………………………………………….…..Pg. 4

Title 28 USC § 2201………………………………………………….Pg. 42

Title 28 USC § 2201(a)……………………………………………….Pg. 38

Title 28 USC § 2202………………………………………….Pgs. 39 & 42

Title 42 U.S.C. § 131(f)……………………………………………….Pg. 4

Title 42 U.S.C. § 131 (g)……………………………………….…..Pg. 4

# CITATIONS OF CALIFORNIA CODES

California Business And Professions Code § 17200…………….Pgs. 30, 34, 47, 49 & 50

California Business and Professions Code § 17203…………………………....Pg. 49

California Business and Professions Code § 17204…………………………….Pg. 49

California Business And Professions Code § 17210……………………Pgs. 30 & 34

California Corporations Code § 191……………………………………………Pg. 15

California Code of Civil Procedure § 1095……………………………………Pg. 48

California Code of Civil Procedure § 1709……………………………………Pg. 27

California Code of Civil Procedure § 1710……………………………………Pg. 27

California Code of Civil Procedure § 1572……………………………………Pg. 28

California Code of Civil Procedure § 2923.5…………………………….Pg. 28 & 29

California Code of Civil Procedure § 2924……………………………………Pg. 28

California Code of Civil Procedure § 2934(a)…………………………………Pg. 37

California Civil Code of Procedure § 3336……………………………………Pg. 43

California Code of Civil Procedure § 3513……………………………………Pg. 38

California Code of Civil Procedure § 3514……………………………………Pg. 38

California Penal Code § 115……………………………………………………Pg. 15

California Penal Code § 470……………………………………………………Pg. 16

California Penal Code § 532(f)(a)(4)……………………………………….....Pg. 47

# MISCELLANEOUS CITATIONS

IRS Rule 860D (a) (4)…………………………………………………………………Pg. 19

Article III……………………………………………………………..Pg. 19, 25 & 25

UCC Article 3 § 3-306 – "Claims To An Instrument"……………………………Pg. 19

Federal Rules of Civil Procedure, Rule 17(a)(1)…………………………………Pg. 24

1966 amendment of Civil Rule 17………………………………………………...Pg. 25

Federal Rules of Civil Procedure, Rule 9………………………………………Pg. 26

Real Estate Settlement Procedures Act of 1978…………………………………Pg. 30

Regulation X………………………………………………………………………Pg. 30

Dodd-Frank Act………………………………………………………………...Pg. 30

Section 7428 of the Internal Revenue Code of 1986……………………………...Pg. 38

Proceeding under section 505 or 1146 of Title 11……………………………...Pg. 38

Free Tariff Act of 1930……………………………………………………………Pg. 38

Home Affordable Modification Program ("HAMP")……………………………...Pg. 42

Fair Debt Collection Practices Act ("FDCPA")…………………………Pgs. 44, 45 & 46

Chapter 242 "Uniform Fraudulent Conveyance Act"
242.06, Section 242.01(2)…………………………………………………………Pg. 55

Fruits of the Poisonous Tree………………………………………………………Pg. 56

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND NOTICE OF QUIET TITLE**

**ALLEGING FRAUD UPON THE PLAINTIFF BY THE DEFENDANT TO**

**UNLAWFULLY TRANFER OWNERSHIP OF PLAINTIFF'S REAL PROPERTY**

     **COMES NOW ELIZABETH BARRY** (hereinafter the "Plaintiff") regarding this Plaintiff's Complaint For Damages And Notice Of Quiet Title Alleging Fraud Upon The Plaintiff By The Defendant To Unlawfully Transfer Ownership Of Plaintiff's Real Property (the "Plaintiff's Complaint For Damages").

**I.**

**PARTIES TO THIS ACTION**

1.     Plaintiff is currently residing in the County of Los Angeles and City of Beverly Hills in the State of California.

2.     Defendant Washington Mutual Bank, FA ("WMB") and acted in conspiracy with several other Defendants as the "Mastermind(s)" and/or "Supervisor(s)" to perpetrate the charges and allegations by the Plaintiff against the Defendant as more fully described and detailed in this Plaintiff's Complaint For Damages.

3.     Defendants WMB and California Reconveyance Company ("CRC") are either principals of the Plaintiff's Mortgage Loan or acted in conspiracy with one another pursuant the meaning envisioned by Title 18 U.S.C. § 371, and who together collectively comprise the Defendant, conducting business in the State of California, City of Beverly Hills and County of Los Angeles (hereinafter WMB and CRC shall hereinafter collectively be referred to as the "Defendant"). Note – JP Morgan Chase Bank National Association ("JPMCB") and PennyMac Corp. ("PMC") with the assistance of CT Lien Solutions ("CTLS") and ALAW ("ALAW") also have claimed to be either the beneficiary or the loan-servicing agent and/or substituted Trustee (hereinafter

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

WMB, CRC, JPMCB, PMC, CTLS and ALAW USB shall individually and/or collectively be referred to as the "Defendant").

## II.

## JURISDICTION AND VENUE

4.  This Court has Original Jurisdiction over this claim because this action is based upon violations of Title 18 U.S.C. §§ 371, 1021, 1021 1331, 1332, 1343 & 2202, Title 15 U.S.C § 1692, Title 12 U.S.C § 2605, Title 18 U.S.C §§ 1961-68, Title 18 U.S.C. §§ 1341, 1343, 1344 & 1951, Title 15 U.S.C 130(a) the "Truth in Lending Act," Title 15 U.S.C. 1640(a) and Title 42 U.S.C. § 131(f) or (g) for the economic deprivation that the Defendant enacted on the Plaintiff.

5.  This Court possesses Supplemental Jurisdiction over pendant state claims under Article III of the United States Constitution pursuant to Title 19 U.S.C. § 1337.

## III.

## VIOLATION OF RESPA

6.  Plaintiff states that the Plaintiff sent out Demands and a Qualified Written Request ("QWR") to every named Bank Defendant and Servicer in this action.  To date, not one of the Defendants has responded to the Demands and/or the QWRs.  Nonetheless, the Plaintiff is entitled to have a response to the Demands and more details regarding what was requested in the aforementioned QWRs.  The Defendant has ignored its required responsibilities to answer said Demands and QWRs and as of a result are in violation of the Real Estates Settlement Procedures Act ("RESPA").  RESPA imposes certain disclosure obligations on loan servicers who transfer or assume the servicing of a federally related and/or regulated mortgage loan.

7.  The Plaintiff in accordance and pursuant to RESPA sent Demands and a QWR written request for information relating to the servicing of such loan as per the requirements of Title 12 U.S.C. §

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

2605(e)(1)(A) that included a statement of the reasons for the belief of the Borrower, to the extent applicable, that the account is in error and to provide sufficient detail to the servicer regarding other information sought by the borrower. See Id. 12 § 2605(e)(1)(B). The Demands and the QWRs also requested that the answer include the name and account of the borrower. Accordingly, the Plaintiff has not received a single answer. The Plaintiff avers that the QWR letter explained that it concerned sales and transfers of mortgage servicing rights; deceptive and fraudulent servicing practices to enhance balance sheets; deceptive, abusive, and fraudulent accounting tricks and practices that may have also negatively affected any credit rating, mortgage account and/or the debt or payments that the Plaintiff may be obligated to pay. The Plaintiff has been damaged by the repeated pattern of practice of violating the statute and has sustained actual damages caused by the asserted violation including having credit destroyed. See Title 12 U.S.C. § 2605(f).

## IV.

## VIOLATIONS COMPRISING CAUSE OF ACTION

8.   Plaintiff avers that Defendant ALAW as Successor for CRC in association with CTLS regularly acts as a successor trustee(s) for deeds of trust secured by residential Real Property located in the State of California and have been at all times relevant to this action been in competition with others engaged in similar activities in the State of California and engages in such acts as a matter of practice. As a trustee of Deeds of Trust, Defendants ALAW, CRC and CTLS have a duty of good faith towards the borrower and grantor on the Deed of trust, as well as to the beneficiary. Accordingly, Defendants ALAW, CRC and CTLS admittedly indicated to the Plaintiff, on separate occasions, when the Plaintiff asked Defendant ALAW to stop the pending foreclosure sale on the Plaintiff's Real Property, Defendant ALAW indicated that it would only cancel or

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

continue non-judicial foreclosure sale if the beneficiary or agent approves. The Plaintiff has asked Defendants ALAW and ALAW's predecessor CRC to cancel a sale date because of issues the Plaintiff believes require cancellation or continuance of the sale, however, Defendants ALAW and CRC has/have told the Plaintiff that it/they will not or cannot stop a sale without the permission of the lender or servicer. Accordingly Defendant ALAW and CRC in association with CTLS has/have committed unfair and deceptive acts and violated its/their fiduciary duty of good faith by noticing and conducting trustee sales while failing to perform statutory requisites for conducting such sales. Those failures include:

a.   Failing to identify the actual owner of the Promissory Note in the Notice of Default And Election To Sell Under Deed Of Trust;

b.   Failing to obtain proof that the beneficiary (WMB was allegedly conveyed to JPMCB and then to PMC) is the Beneficiary-Owner of the Promissory Note secured by the Deed of Trust;

c.   Creating or using documents essential to a valid Trustee's Sale or for a Reconveyance of the Deed of Trust that have been improperly executed, notarized or sworn to, including: i) documents that were not signed in front of a Notary Public, ii) documents that had both the signature and notarization applied mechanically while claiming that the signatory personally appeared before the Notary Public, iii) using signatories who simultaneously claim to be officers of the beneficiary of the Defendant and a servicer all while actually being employees of the Defendant, iv) executing documents without direct knowledge of the facts contained therein, and v) Conducting joint prosecution and/or defense of legal claims with the Beneficiary or its agent on matters related to its duty of good faith to the borrower.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

9.  The Defendant has failed to properly itemize and/or misrepresented the reinstatement amount by, including, however, not limited to, overcharging for recording fees, posting fees and mailing fees.  By demanding inaccurate amounts and failing to properly itemize amounts, the Defendant has prevented the Plaintiff from determining whether the fees are reasonable and in essence has overcharged the Plaintiff and has prevented the Plaintiff from curing Plaintiff's default within the statutory guidelines for reinstatement.

10. In this matter Defendants ALAW, CRC and CTLS has/have systematically concealed and misrepresented or inaccurately divulged the true parties to the mortgage transaction in its foreclosure notices and related documents.  Accordingly, Defendants ALAW, CRC and CTLS accepted and recorded documentation with the Office of the County Assessor that contained several spurious appointments of Successor Trustees from purported beneficiaries such as Defendants WMB, JPMCB and PMC, all who have first hand knowledge and/or who are duty-bound to know that theses entities are not the holders of the loans and are therefore not the true beneficiaries.  In its/their Notices of Default, Defendants ALAW and CRC misrepresent the owner of the Promissory Note by only naming the servicer(s) such as Defendants WMB, JPMCB and PMC, when the owner is a Real Estate Mortgage Investment Conduit Securitization Trust ("REMIC Trust").  Defendants ALAW and CRC do not identify the actual owner anywhere on the Notices of Default and make claims like Defendant WFB and successor Defendant JPMCB is the "Creditor to whom the debt is owed" even though Defendants ALAW and CRC knew otherwise.  In the Notice of Trustee's Sale, Defendants ALAW and CRC allude that the current beneficiary is Defendant WFB and successor Defendant JPMCB when the Defendants ALAW and CRC knew or should have known that Defendant JPMCB was the Loan Servicer and not the

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Beneficiary of the Deed of Trust.  In another Notice of Trustee's Sale received by the Plaintiff, Defendants ALAW and CRC have failed to name any current beneficiary.

11.   In a certain Notice of Trustee's Sale, Defendants ALAW and CRC allude that the Plaintiff's Deed of Trust secures an obligation in favor of Defendant JPMCB as Beneficiary, when Defendants ALAW and CRC knew or should have known that Defendant JPMCB is not the party to whom the obligation is owed.  Defendant JPMCB acquired certain assets and liabilities of Defendant WMB on or about September 25, 2008, approximately one year and six months past the Pooling And Servicing Agreement "Cut Off Date," here noting as a result of that action, the Deed of Trust and accompanying Promissory Note were never assigned by WMB to JPMCB or by JPMCB to PMC.   Accordingly, in spite of the lack of standing to foreclose by Defendant JPMCB on the Plaintiff's Real Property that was known and understood by Defendants ALAW and CRC, Defendants ALAW and CRC have claimed that the Plaintiff's Promissory Note was executed in favor of JPMCB as the Successor of WMB.  Further, Defendants ALAW and CRC claim that Defendant JPMCB was the holder of the indebtedness secured by the Deed of Trust at the time when it requested that the Defendant foreclose on the Plaintiff's Real Property when Defendants ALAW and CRC knew or should have known that Defendant JPMCB was not the holder of the indebtedness.  There is also evidence to support a violation of Title 18 USC § 1001 "False Statements."   False Statements holds:

"(a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—

(1)   Falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

(2)   Makes any materially false, fictitious, or fraudulent statement or

-8-
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

representation; or

(3)    Makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry."

In this process the Plaintiff alleges that there is evidence of so-called "Robo-signers" and Questionable Notary Endorsements, here noting that some of the documentation that was signed before a Notary Public by Defendants ALAW, CRC and JPMCB is questionable and/or spurious and must be likened to a violation of Title 18 USC § 1001 – "False Statement Or Entries."

12.    In the course of conducting its business, Defendants ALAW and CRC made numerous misrepresentations and failed to disclose material terms as alleged in above enumerated paragraphs. The Plaintiff avers that such conduct constitutes unfair or deceptive acts or practices in trade or commerce and/or unfair methods of competition.

13.    In the course of conducting its business Defendants ALAW and CRC engaged in numerous unfair acts and practices that are contrary to the public interest, and is not reasonable in relation to the development and preservation of business.

14.    Defendant ALAW as successor of Defendant CRC regularly acts as successor trustees for Deeds of Trust secured by residential Real Property located in the State of California, City of Beverly Hills and County of Los Angeles. Accordingly, Defendants ALAW and CRC have been at all times relevant to this action in competition with others engaged in similar activities in the State of California in the City of Beverly Hills and County of Los Angeles and engages in the acts more fully detailed and defined below as a matter of practice. As a trustee on Deeds of Trust, Defendant ALAW has a fiduciary duty of good faith towards the borrower and grantor on the Deed of Trust as well as to the beneficiary. Nonetheless Defendant ALAW has agreements with beneficiaries and/or its agents to the effect that Defendant ALAW will only cancel and/or

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

continues non-judicial foreclosure sales only if the beneficiary or agent approves. The Plaintiff asked Defendant ALAW to cancel a sale date because of issues the Plaintiff believed required cancellation or continuation of the sale, however, Defendants ALAW informed the Plaintiff that it would not nor could not stop a sale without the permission of the lender or servicer. In so doing Defendant ALAW has committed unfair and deceptive acts and violated its duty of good faith by noticing and conducting trustee sales while failing to perform statutory requisites for conducting such sales. Those failures include:

a.    Failing to identify the actual owner of the Promissory Note in the Notice of Default;

b.    Failing to obtain proof that the Beneficiary is the owner of the Promissory Note secured by the Deed of Trust;

c.    Creating or using documents essential to a valid Trustee's Sale or to a Reconveyance of the Deed of Trust that are improperly executed, notarized or sworn to, including: i) documents that were not signed before a Notary Public, ii) documents that had both the signature and notarization applied mechanically while claiming that the signatory personally appeared before the Notary Public, a violation of Title 18 USC § 1001 – "False Statements And Entries" and Title 18 USC 495 – "Forgery" – see *Gilbert v. United States*, 370 U.S. 650 (1961); also see *United States v. Hill*, 579 F.2d 480 (8th Cir. 1978), supporting the premise that "under common law forgery, it was incumbent on the prosecution to establish an intent to defraud," iii) using signatories who simultaneously claim to be officers of the beneficiary, Defendants WMB, CRC, JPMCB, PMC, CTLS and ALAW or an unauthorized servicer, all while actually being employees of Defendants WMB and/or JPMCB and/or PMC, amounting to a violation of Title 18 USC § 2 – "Aiding And Abetting The Commission Of A Crime; and

-10-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

d. Executing documents without direct knowledge of facts contained therein; and

15. Defendant ALAW has failed to properly itemize and/or misrepresented the reinstatement amount by, including, however, not limited to, over charging for recording fees, posting fees and mailing fees. By demanding inaccurate amounts and failing to properly itemize amounts, Defendant ALAW has prevented the Plaintiff from determining whether fees are reasonable, has overcharged the Plaintiff and has prevented the Plaintiff from curing the Plaintiff's default within the statutory guidelines for reinstatement.

16. Defendants ALAW and CRC have systematically concealed and misrepresented or inaccurately divulged the true parties to the mortgage transaction in their foreclosure notice and related documents. Defendants ALAW and CRC accept and record documentation in the Office of the Assessor in the County of Los Angeles that contain appointments of successor Trustees from purported beneficiaries such as Defendants WMB, JPMCB and PMC, who are knowledgeable and/or duty-bound to have known that WMB, JPMCB and PMC are not the holders of the loan and are therefore not true beneficiaries. In the Notices of Default Defendants ALAW and CRC misrepresented the owner of the Promissory Note by only naming the servicer such as Defendants WMB, JPMCB and PMC when the actual owner is a REMIC Securitization trust. Further, Defendants ALAW and CRC do not identify the actual owner anywhere on the Notices of Default and have made claims that Defendants WMB, JPMCB and PMC is/are the Creditor to whom the debt is owed when Defendants ALAW and CRC knew otherwise. In the Notices of Trustee's Sale that Defendants ALAW and CRC claim that the current beneficiary was Defendant WFB when Defendants ALAW and CRC knew or should have known that these entities are loan servicers and not beneficiaries of the Deed of Trust. In some Notices of Trustee's Sale, Defendants ALAW and CRC fail to name any current Beneficiary.

-11-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

17.     Further, in yet another Notice of Trustee's Sale, Defendant ALAW claims that the Deed of Trust secures an obligation in favor of Defendant WMB as beneficiary when Defendant ALAW knew or should have known that Defendant WMB was not the party to whom the obligation is owed. In the Trustee's Deed, Defendant ALAW claims that the Promissory Note was executed in favor of Defendant WMB when Defendants ALAW and CTC new that Defendant WMB and was not the right party to be repaid, i.e. Defendants WMB, JPMCB and PMC could not establish the REMIC Status od WMB, JPMCB and PMC regarding the Plaintiff's Promissory Note, Deed of Trust or Real Property.   In the Trustee's Deed, Defendants ALAW and CRC claim that Defendant JPMCB was the holder of the indebtedness secured by the Deed of Trust at the time when the Plaintiff requested that Defendants ALAW and CRC stop the foreclose when Defendants ALAW and CRC knew or should have known Defendant JPMCB was not the holder of the indebtedness, i.e. Defendant JPMCB had no REMIC Status with regard to the Plaintiff's Promissory Note, Deed of Trust and Real Property. In the course of conducting their business pertaining to this matter, Defendants ALAW and CRC made numerous misrepresentations and failed to disclose material terms to the Plaintiff as required by law as alleged in the above paragraphs.  Such conduct constitutes unfair or deceptive acts or practices in trade or commerce and/or unfair methods of competition.   In the course of conducting their business, Defendants ALAW and CRC engaged in numerous unfair acts and practices that are contrary to the public interest and is not reasonable in relation to the development and preservation of business such as the use of "Robo-signers" and Questionable Notary Endorsement.

/////

/////

/////

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

## V.

## CONSPIRACY TO DEPRIVE AND ILLEGALLY CONVERT PLAINTIFF'S

## REAL PROPERY BY ALL DEFENDANTS

18.     The other Defendants that instructed Defendants ALAW, CRC and CTIS to do as they did as if they were bank employees, notary publics and officers who initiated and performed the acts complained herein.   These Defendants knew or should have known that Defendants WMB, JPMCB and PMC could not legally execute any of the documentation in question in the State of California. It was the Defendant banks and Defendants ALAW's, CRC's and CTIS's employees, notary publics and officers who were signing the documentation in question on behalf of Defendants WMB, JPMCB and PMC.   Upon request by Defendants WMB JPMCB and PMC (hereinafter WMB, JPMCB and PMC shall be referred to as the "Defendant Banks") and Defendants ALAW and CRC provided formal corporate documentation designating one or more of Defendants' ALAW's, CRC's and CTIS's employees chosen as the "certifying officers" of Defendants WMB, JPMCB and PMC.   In essence Defendants WMB, JPMCB and PMC authorized certain employees of the note holder or, more commonly, the note holder's servicing agent(s) to execute assignments on Defendants' WMB's, JPMCB's and PMC's behalf.   These employees (Bank Defendants and Defendants ALAW, CRC and CTIS) were deputized at their own election as either "vice presidents" or "assistant secretaries" of Defendants WMB, JPM and PMC and the actions that they took as Defendants WMB's, JPMCB's and PMC's agents are contained in the Bank Defendants corporate documentation.   Defendants WMB, JPMCB and PMC would enter the names of their selected employees into formal corporate documentation and in turn would immediately produce a quasi "certifying resolution" or sorts.   The deputized employees then were free to use certain titles and powers assigned to the individuals who

-13-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

became Defendants WMB's, JPMCB's and PMC's certifying officers, which is confounding, given the fact that these individuals are not actually connected to the Bank Defendants in any way.  Accordingly, the Defendant Banks and other Defendants did not have the legal authority to sign on the Bank Defendants' behalf.  Even though acts of a misdemeanor can or could be ratified, criminal acts cannot.  See *United Medical Management Ltd. v. Gatto* 49 Cal.App.4th 1732 (1996).  Also see *Perlas v. Mortgage Elec. Registration Systems, Inc.,* 2010 WL 3079262 * 7, an unpublished case as of 10/18/2010.  Citing:

> "A nonqualified corporation subject to a misdemeanor prosecution and on conviction to a heavy fine for doing business without complying with the law, is permitted to qualify, be restored to full legal competency and have its prior transactions given full effect."

See *Tucker v. Cave Springs Min. Corp.* (1934) 139 Cal. App. 213, 217 [33 P.2d 871].

19.   Accordingly, every signature by the Defendant through a Corporate Resolution could not be legally performed because Defendants WMB, JPMCB and PMC lacked the Statutory Authority to do so.  In so executing said documents relative to Notice Of Defaults ("NODs"), Notice Of Trustee's Sale ("NOTS") and any other issues that were filed by individuals representing themselves to be employees of the Bank Defendants and were executed by a signatory that did not possess the legal statutory authority.  One court decision concurs that "if a contract is made in another state, with a view to its execution here, there is no doubt that the parties will be charged with the laws of this state and the maxi ignorant legs nominee excusal will apply.  See *Merchants Bank v. Spalding*, 12 Barbour, p.3.  Also see, *Lambert v. California*, 355 U.S. 225 (1957).

20.   Where a person did not know the duty to register and where there was no proof of the probability of such knowledge, they may not be convicted consistently with due process.  Defendants

-14-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

ALAW and CRC are registered and licensed as Trustee Companies in the State of California where Defendants ALAW and CRC are domiciled.  Defendants ALAW and CRC have no standing as Trustees in this matter because they are not the Trustees of the REMIC Securitization Trust, making all foreclosure actions undertaken by Defendants ALAW and CRC in association with Defendant CTIS as Trustee in the State of California spurious and questionable to say the least.  The United States Supreme Court confers "it is recognized that such legislation may, in particular instances, be harsh, however, we can only say again what we have so often said, that this court cannot set aside legislation because it is harsh. See *Shevlin – Carpenter Company and John F. Irwin, Plffs, in Err., –v– State of Minnesota*, 218 U.S. 57 30 S.Ct. 663 54 L.Ed. 930. California does not allow Foreign Corporations to transact intrastate business (that means to have employees active in California aside from selling), unless such corporation is registered to do business in California.  See California Corporations Code § 191.  In this instance all transfer of Deeds of Trust executed by ALAW and CRC were not legal.  In fact, such documents executed by Defendants ALAW and CRC were performed outside the statutory requisite possessing absolutely no grain of legitimacy.  The Defendants and their employees are guilty of multiple felonies in the state of California.  See California Penal Code § 115, which is California's law prohibiting forging deeds, that is a <u>felony</u> punishable by 16 months or 2 to 3 years in the <u>California State Prison</u>, with a maximum fine of $10,000.  Each forged deed filed, registered or recorded counts as a separate violation of this section.  This means that for each violation, the guilty party faces an additional three-year sentence and an additional $10,000 fine for each count.  See California Penal Code § 115.5.  PC § 115 is the law against filing a forged Deed of Trust, which is punishable by a maximum fine of $75,000 *in addition* to any other punishments that are imposed in connection with this offense.  The Defendant also violated California Penal

-15-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Code § 470 and a host of other Penal Code violations.  To the extent there is any ambiguity in this contractual provision it should be interpreted in favor of the Plaintiff.

21.     The Plaintiff has asked each Bank Defendant, their Servicers and Substituted Trustee ALAW in association with CTIS, who owned the Plaintiff's Note?  To date none of the Defendants have answered the Plaintiff's question.  Every paragraph of the Plaintiff's Note refers to the "Note Holder."  The Note contemplates that the borrower shall have the right to know the identity of the Note Holder and specifically allows for prepayments of principal to the Note Holder.  In this regard, the Plaintiff's DOT provides the following:

        a.      When the Borrower makes a prepayment, the Borrower will tell the Note Holder in writing that the Borrower is doing so."

These provisions as well as most of the provisions referring to "Note Holder" indicate that the borrower contractually has the right to be able to obtain the identity of the "Note Holder" in order to mutually perform the provisions of the Plaintiff's Promissory Note(s), i.e., make a tender.  The Plaintiff has requested this information from every Defendant and has not received such.  Accordingly, the Defendant Banks have breached said Note Contract in not surrendering said information.

## VI.

## ALAW MUST BE JUDICIALLY ESTOPPED FROM BEING
## THE TRUSTEE OF THE NOTE

22.     The Plaintiff's Deed Of Trust ("DOT") document appoints Defendant ALAW as the Trustee under the "security agreement" within the meaning contemplated by the California Legislation.  In the Plaintiff's DOT document, there is a provision that states that Defendant JPMCB owns legal title to the Security Document and has the trustee's power of sale:

-16-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

a.     The beneficiary of this Security Instrument is Defendant WMB and the successors and assigns of Defendant WMB.  This security agreement accrues to the Lender: (i) the prepayment of the loan; and (ii) the performance of the Borrower's covenants and agreements under this Security Instrument and Note, all of the foregoing is referred to in the Security Agreement as the "Property."

23.    The Plaintiff – "Borrower" understands and agrees that Defendant WMB had only legal title to the interests granted by the Borrower in the Security Instrument at the time, however, if necessary to comply with law or custom, Defendant WMB had the right to:  exercise any or all of those interests, including, however, not limited to, the right to foreclose and sell the property and to take any action required of the Lender, including, however, not limited to releasing and cancelling the Security Instrument.  The designation of Defendant JPMCB and then Defendant PMC to also hold legal title with the power of sale directly conflicts with the statutory definition of "Beneficiary" which requires that the Beneficiary must hold the Note, not the power of sale. Defendants JPMCB and PMC is/are not the holder(s) of the Note – either directly or indirectly. See *Nebraska v. MERS*, 704 N.W.2d 784 (2005) 270 Neb. 529.  Therefore, because Defendants JPMCB and PMC cannot establish REMIC Status regarding the Plaintiff's Promissory Note, Deed of Trust and Real Property, Defendants JPMCB and PMC must be Judicially Estopped from asserting otherwise.

## VII.

## SECURITIZATION THE IMPLOSION OF

## THE DEFENDANT

24.    Due to the nature of the Defendant's action regarding how the Defendant performed and the Defendant's non-compliance with the mandated requires of the Securitization process that the

## PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendant engaged, the Defendant could not assert prudential standing regarding any ownership of the Plaintiff's Real Property. The Trustee Banks also cannot meet the definition of "Note Holder" as said Trustee Banks are not entitled to receive payments under the Plaintiff's Notes. However, the Plaintiff's Notes have been assigned to the Pool traded at the same time by the Banks. Accordingly, there are always two owners of the Note(s). This clearly separates the Note from the Deed of Trust. In several briefs and testimonies, Defendants ALAW and CRC do not dispute that investors are the owners of the Pooled debt in which the Plaintiff's Promissory Note resides. "Secondary market purchasers often bundle loans into mortgage backed securities that are sold to investors, who then have interests in the underlying debt." Accordingly, it is important to state here that the Plaintiff is not denying liability to the owners of valid Promissory Note(s) or other obligations. The Servicer has no greater power than its Principal, the Trustee, and lacks the authority to bring any action on behalf of the REMIC Trust. The Mortgage Backed Securities ("MBS") have executed Trust Agreements under oath with the Securities Exchange Commission ("SEC") and the Internal Revenue Service ("IRS") as mortgage asset "pass-through" entities wherein they can never own or manage the mortgage loan assets in the MBS. This allows them to qualify as a Tax Free Real Estate Investment Trust ("REIT"), with the understanding that as long as the MBS is a qualified REMIC, no income tax will be charged to the MBS.

25. Importantly, a Servicer as "Trustee" or custodian must have the mortgages recorded in the investors name as the Beneficiary(ies) of the MBS within 90 days of the "closing date." See IRS Rule 860D (a) (4) as defined within the REMIC Trust Agreement. Every mortgage in the MBS should have been publicly recorded in the county where the property is located with a mortgage in the name of the securitized trust through which this mortgage was passed. The Plaintiff avers

-18-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

that the Promissory Notes were never conveyed pursuant to the Trust mandates and the mortgages were never conveyed or recorded pursuant to the proper chain of custody and assignment with the Trust Agreement(s).  In this scenario, even if the foreclosing entity produces a copy of a note, or even an alleged original, the mortgage loan was not conveyed into the trust under the requirements of the prospectus for the trust or the REMIC requirements of the IRS. Mere possession of an instrument does not confer the status of a person entitled to enforce the Instruments.  In the *In Re: Veal* Opinion, the Ninth Circuit Court of Appeals held that if a Holder transfers the Note to another person by a process not involving an Article III negotiation – such as a sale of notes in bulk without individual endorsement of each note – that other person (the transferee) obtains from the holder the right to enforce the note even if no negotiation takes place and, thus, the transferee does not become an Article III "Holder."   See Comment 1 to UCC Article 3 § 3-306 – "Claims To An Instrument," holding that "a person taking an instrument, other than a person having rights of a holder in due course, is subject to a claim of property or possessory right in the instrument or in proceeds, including a claim to rescind a negotiation and to recover the instrument or its proceeds."  As will be seen below and by exhibit, this is what the Defendant Banks did deliver contractually to the Trusts – NOTES IN BULK…  Because all of the Trusts that have possession of the Plaintiff's Notes closed (past the cut-off dates), none of the Trusts holding the Plaintiff's Notes can ever have standing or be a real party in interest before this Court.

26.     The transfer of the mortgage loans into the Trust in which the Defendant is the Trustee is after the "cut-off date," which destroys the Trust's REMIC tax exempt status, meaning that these Trusts owe Trillions of Dollars to the IRS, other states and to the State of California, here noting that the income would be taxed at 100% if this Court were to find and rule in favor the Plaintiff.

-19-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

In this scenario the Court would be obligated to report to the IRS and the SEC the findings of the Court so that immediate financial sanctions and possible criminal charges could be brought against the Defendant if and when such findings are validated and ascertained by the Court. Subsequent to the "cut-off date" listed in the prospectus whereby the mortgage Notes and security for those Notes had to be identified and the Notes and Mortgages had to be transferred within 90 days, thereafter the Pool is permanently closed to future transfers of mortgage assets. Accordingly the Defendant fraudulently conveyed the Plaintiff's mortgage loan, which fraudulently was recorded in an attempt to transfer a Mortgage Assignment into a REMIC after that REMIC "cut-off date" and "closing dates." Therefore, the unlawful acquisition of the Plaintiff's mortgage loan(s), violates the prospectus presented to the investors and the IRS REMIC requirements.

27.     As required by SEC, this MBS/Trust has a Pooling & Servicing Agreement ("PSA"), which date must be publicly filed. The Plaintiff obtained a copy of the Trust and PSA that was ignored by the Defendant. The purpose of a PSA is for the administration and distribution of funds to the investors and the obligation of the Trustee in administering the MBS. As required by the SEC, this MBS/Trust has a PSA with a date that must be publicly filed. The PSA sets forth what happens after the mortgages are bundled together and sets forth a cut-off date. The cut-off date is the date on which all mortgage loans in the MBS/Trust must be identified and set out in the SEC required list of mortgage loans. Like the cut-off date, this MBS/Trust had a "closing date." The closing date is the date that the individually identified mortgages were to be transferred through the Custodian for the benefit of the investors. The Trust Custodian must certify each mortgage that the Trust Custodian has possession of in the form of original endorsements and assignments transferring the Notes and proof that the ownership of the Notes has been lawfully

-20-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

transferred for the benefit of the investors.  Proof of ownership of a mortgage by the MBS/Trust is required in the form of a public recording of the assignment of the mortgage itself.  This must occur on or before the closing date. Therein is the problem with the Lenders, Trustees and the Securitization Process.

28.     A review of the PSA and other documents generated by the MBS/Trust that allegedly has possession of the Plaintiff's Note claims to unconditionally have the Note going into the MBS/Trust within 90 days.  Accordingly, after 90 days of execution of the Plaintiff's Note, only the Trustee for the MBS/Trust could foreclose on the Plaintiff's Real Property.   When a mortgage is pooled with other mortgages in a trust that then issues mortgage-backed securities to investors, the holder of the Notes is the trustee on behalf of the investors who are the real beneficial owners.

## VIII.

## FACTUAL ALLEGATIONS TO DEFECTIVE   SECURITIZATIONS BY
## THE TRUST ENTITIES AND DEFENDANT BANKS

29.     On the dates specified as per the notes attached hereto, the Plaintiff executed the Note and Deed of Trust (hereinafter "Mortgage" or "Deed of Trust") in favor of the subject properties.  The Plaintiff states that shortly after the origination of the Plaintiff Loan, that the Plaintiff's Loan was sold to a Trust.  The Plaintiff states that these entities (TRUSTS) and the Bank Defendants were involved in securitizing the Plaintiff's Mortgage and Note into a Securitization Pool.  In order for the Plaintiff's Mortgage and Note to be a part of the Defendant Banks' Trust, the Defendant Banks involved (All Defendant Banks) in this instant case at bar were required to follow various agreements and established laws, including the Trust Agreement that governed the creation of the MBS/Trust.  The Plaintiff states that the entities involved in the attempted Securitization of

-21-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

the Plaintiff's Loan failed to adhere to the requirements of the Trust and the PSA necessary to properly assign the mortgage loan into the Trust.  As a result, the Plaintiff's Loan was not assigned to the Defendant Banks' Trust and therefore is not part of the MBS/Trust.  This fatal defect renders the Defendant as a third-party to the underlying debt obligation without the power or right to demand payment, declare default or to negotiate the Plaintiff's Loan.  Although the Defendant is aware of this fact, the Defendant has and continues to act as if the Defendant has authority to demand payment, declare default, negotiate the Plaintiff's Loan and foreclose on the Plaintiff's Real Property.  The Plaintiff respectfully disputes this fact.  The Plaintiff states that these Trust entities and the Defendant were involved in securitizing of the Plaintiff's Mortgage and Note into the Securitization Pool and Trust.  In order for the Plaintiff's Mortgage and Note to be a part of the aforementioned MBS/Trust, the entities involved were required to follow various agreements and established laws, including the Trust Agreement that governed the creation of the Trust.  The Plaintiff states that the entities involved in the attempted Securitization of the Plaintiff's Loan failed to adhere to the requirements of the Trust Agreement necessary to properly assign the mortgage loan into the Trust.  As a result, the Plaintiff's Loan was not assigned to the REMIC Securitization Trust and therefore is not part of the MBS/Trust.  This fatal defect renders the Defendant as a third-party to the underlying debt obligation without the power or right to demand payment.

30.  To allow the Defendant to possess a security interest to enforce the Security Agreement would expose the obligor (the Plaintiff) to a double liability, since a holder in due course of the promissory note clearly is entitled to recover from the obligor.  Foreclosure of a mortgage by an entity without the power to discharge the debt secured by that mortgage would create a degree of uncertainty as to the mortgagor's remaining liability that this Court should not condone.

-22-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Because of the way in which the Defendant, Wall-Street and the Trusts determined how the securities would be issued, the Plaintiff's Loan was due to be corruptive at some given space in time. While other Courts say that the homeowner as a third party has nothing to do with the Securitization process, as a statement of fact, it was the Securitization process that has caused the Plaintiff damages. The fact is that the Defendant Banks in essence used the Plaintiff's Social Security Number as the ONLY Tax Identification on the file, without "Benefit" to the Plaintiff, i.e. Identity Theft in violation of Title 18 USC § 1028 – **"Fraud** and Related Activity in Connection with Identification Documents and Information." The Plaintiff states that she has been damaged due to the deliberate and wanton process the Defendant employed in their Securitization scheme. The Defendant knew all along that should the interest rates climb, that the Plaintiff would incur financial hardship.

## IX.

### PRUDENTIAL STANDING

31. Even though the Defendant may meet the constitutional minimal for standing in claiming that the Defendant owns the Note when the Defendant does not, the above clearly shows that, this determination does not end the inquiry. The Defendant must also show that the Defendant has standing under various prudential limitations on access to Federal Courts. Prudential standing "'embodies judicially self-imposed limits on the exercise of federal jurisdiction.'" See *Sprint*, 554 U.S. at 289 (quoting *Elk Grove*, 542 U.S. at 11); See also *County of Kern*, 581 F.3d at 845. In this case, one component of prudential standing is particularly applicable. It is the doctrine that a party must assert its own legal rights and may not assert the legal rights of others. See *Sprint*, 554 U.S. at 289; See also *Warth*, 422 U.S. at 499; See also *Oregon vs Legal Servs, Corp.*, 552 F.3d 966-971 (9th Cir). Here the Plaintiff affirmatively states that the Defendant cannot

-23-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

show that the Defendant had any interest in the Note or any right to be paid by the Plaintiff, i.e. the Defendant is not the REMIC. The Defendant cannot seek to invoke prudential standing principles, which generally provides that a party without the legal right, under applicable substantive law, to enforce an obligation or seek a remedy with respect to it, is not a "Real Party In Interest." See *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008).

32. Real Party In Interest Status and Its Policies in accordance and pursuant to Federal Rules of Civil Procedure, Rule 17(a)(1) starts simply: "An action must be prosecuted in the name of the real party in interest." Although the exact definition of a Real Party In Interest may defy articulation, its function and purpose are well understood. As stated in the Advisory Committee Notes for Federal Rules of Civil Procedure, Rule 17, in its origin, the Rule concerning the Real Party In Interest was permissive in purpose: it was designed to allow an assignee to sue in his own name. That having been accomplished, the modern function of the Rule in its negative aspect is simply to protect the Defendant/the Plaintiff against a subsequent action by the party actually entitled to recover and to insure generally that the judgment will have its proper effect as res judicata. The modern function of the rule . . . is "simply to protect the defendant against a subsequent action by the party actually entitled to recover and to insure generally that the judgment will have its proper effect as res judicata." (Quoting Advisory Committee Notes to the 1966 amendment of Civil Rule 17). Article III Standing is ordinarily regarded as a jurisdictional question that turns on the nature of the Plaintiff's personal stake in the outcome of the case. Largely overlooked in both the case law and scholarship about standing is the fact that defendants must have standing, too. Article III restricts who may defend in much the same way that it restricts who may sue. The significance of "Defendant Standing" has been largely overlooked because – in most cases – the Standing of the Defendant is apparent: any Defendant

-24-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

against whom the Plaintiff seeks a remedy will have a personalized interest in defending against Plaintiff's claim.

33. With respect to the Notes at issue, the Defendant, as will be seen, does not own such and accordingly, does not have standing to defend and to pursue action for such Notes. See *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997) ("Standing to defend on appeal in the place of an original defendant, no less than standing to sue, demands that the litigant possess 'a direct stake in the outcome'"). In a number of cases the Court has dismissed for lack of Article III Jurisdiction where the defendant lacked a sufficient personal stake. See, e.g., *Diamond v. Charles*, 476 U.S. 54, 69 (1986). With respect to the Notes, the Defendant does not have such a personal state. The United States Supreme Court voided an Alabama deed of trust instrument where the mortgagee was not licensed to do business in Alabama. See *Chattanooga Nat'l Bldg. & Loan Ass 'n. v. Denson,* 189 U.S. 408, 23 S. Ct. 630 (1903); See also Complaint in *California v. ReconTrust Company, N.A.,* King County Superior Court No. 11-2-26867- 5, at [-r 2.5, 4.2-4.3 (filed Aug. 4, 2011) (available at: http://www.atg.wa.gov/pressrelease.aspx (brought for high volume Trustee's chronic failures to follow strict procedures of the Act).

# X.

## ROBO- SIGNERS

34. The Bank Defendants are not the lenders on the Plaintiff's Deed of Trust and are not entitled to payments. Accordingly, they cannot proceed with a Trustee Sale or conduct non-judicial foreclosure proceedings. The Plaintiff has copies of several assignments signed fraudulently by so-called Robo-Signers. These assignments have been signed by Notary Public Officials under the Penalty of Perjury. The fraudulently signed assignments have been spuriously recorded in

-25-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

the Official Records of the County Recorder's Office in the County where the Real Property is located.   Said documents include, however, are not limited to the Corporate Assignment of Deeds of Trust, Substitution of Trustees, Notice of Defaults, Notice of Trustee Sales and Trustee Deeds Upon Sale.   With respect to compliance with the Federal Rules of Civil Procedure, Rule 9 ("F.R.C.P. 9") regarding the date, time, names and place of the alleged documentation signed by known Robo-Signers and false notaries, in alleging fraud or mistake, the Plaintiff states with particularity the circumstances constituting fraud, malice, intent, knowledge and other conditions regarding the fraud complained of generally herein.   Accordingly, the Plaintiff has been damaged by the acts of Defendants, their agents, employees, notaries and other unknown entities or persons.   The Plaintiff has been damaged as a result and is still suffering damages.   The Plaintiff was told that the Defendant owned his Note.

## XI.

## WRONGFUL NOTICE OF FORECLOSURE

35.   The Defendant's foreclosure notice action was wrongful.   Foreclosure of the Deed of Trust is not enforceable due to that lack of ownership of the Note by the Defendant and if such lawful owner of the indebtedness was to prove up a proper Note, bifurcation of the Note and the security instrument has been proved by an assignment of the mortgage by an intrusive non-party that was not the "Holder in Due Course."   A foreclosure action is merely a collection action on a negotiable instrument, namely the Original Promissory Note.   A Deed of Trust acts as a security instrument for the Original Promissory Note.   A foreclosure action is a collection on the Original Promissory Note, not on the Deed of Trust.   The California Business and Commerce Code states that only a "Holder" of a negotiable instrument is entitled to enforce the negotiable instrument.   However, if such security instrument is invalid, then the "Holder" can only pursue the

-26-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

indebtedness of the actual "Note."   Despite of the Defendant's knowledge of the dispute regarding Defendant's right to foreclose by the Plaintiff, the Defendant pursued the foreclosure sale of the subject Real Property under the use of a nullified Deed of Trust.   To date, the Defendant has failed to demonstrate and cannot demonstrate proper transfers and assignments affixed to the Note permanently and irrevocably as that which is required to show a "Proper Chain of Endorsements" on the face of the Note supported by the "Chain of Title" filed with Public Records.

## XII.

### FRAUD, DECEPTION AND CONCEALMENT BY DEFENDANT

36.   The common facts herein include facts set forth in this Plaintiff's Complaint For Damages. Under California Code of Civil Procedure § 1709 it is unlawful to willfully deceive another "with intent to induce him to alter his position to his injury or risk."   Under California Code of Civil Procedure § 1710, it is "deceit" to do any one or more of the following:  (1) the suggestion, as a fact, of that which is not true, by one who does not believe it to be true; (2) the assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true; (3) the suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or  (4) a promise, made without any intention of performing the promise.

37.   Under California Code of Civil Procedure § 1572, the party to a contract further engages in fraud by committing "any other act fitted to deceive."   Therefore this case also is a Civil R.I.C.O. ("Racketeer Influenced and Corrupt Organizations Act" – Title 18 U.S.C. §§ 1961-1968) action, warranting an award of triple actual damages, punitive damages and attorney's fees in favor of the Plaintiff.

-27-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

## XIII.

## FIRST CAUSE OF ACTION

## INJUNCTIVE RELIEF FOR VIOLATION OF CALIFORNIA CIVIL CODE §

## 2923.5 AND OTHER ISSUES WITHIN THIS COMPLAINT (AGAINST DEFENDANT)

38. The Plaintiff is entitled to relief as is set forth in this Plaintiff's Complaint For Damages and such further relief as set forth below in the section captioned Prayer for Relief, which is by this reference incorporated herein. California Code of Civil Procedure § 2923.5 requires that each mortgagee, trustee, beneficiary or authorized agent may not file a Notice of Default pursuant to California Code of Civil Procedure § 2924 until 30 days after initial contact is made as required therein or 30 days after satisfying the due diligence requirements to contact the mortgagee described therein. The Defendant violated the foregoing by causing a Notice of Default to be filed against the Plaintiff's Real Property without the mandatory notice. The Defendant did not diligently endeavor to contact the Plaintiff as required by California Code of Civil Procedure § 2923.5(g) and thereby also violated California Code of Civil Procedure §§ 2923.5 and 2924. Included in the noncompliance, the Defendant caused false declarations to be recorded in the public records in furtherance of the Defendant's unlawful foreclosure proceedings in violation of California Code of Civil Procedure § 2923.5 and other California laws precluding the filing of false statements. As a result of the foregoing unlawful conduct, the Plaintiff suffered further injury, monetary and property loss due to the Defendant filing of a Notice of Default without standing to do so. Such injuries and loss could potentially include diminished credit scores with a concomitant increase in borrowing costs and diminished access to credit, fees and costs, including, without limitation, attorneys' fees and costs with respect to wrongful notices of default and loss of some or all benefits appurtenant to the ownership and possession of the

-28-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Plaintiff's Real Property.  Accordingly, the Plaintiff is entitled to such relief as is set forth in this Plaintiff's Complaint For Damages and such further relief as is set forth below in the section captioned Prayer for Relief, which is by this reference incorporated herein.

## XIV.

## SECOND CAUSE OF ACTION – VIOLATION OF RESPA

39.   The Plaintiff sent several written requests to the Defendant based upon obtaining information relative to the Plaintiff's Real Property, Deed of Trust and Promissory Note.  The Defendant did not answer and/or just gave partial answers to the Plaintiff.   The Defendant knowingly and willing did not respond to such information because the information would have prevented foreclosure.  The Defendant used the "foreclosure mill" process to process thousands of cases through the Courts of California each year, using the same racketeering scheme that has been used by the Defendant against the Plaintiff as alleged in this action.   This is another reason why the Defendant did not provide said information.  The Plaintiff's Loan is a Federally Regulated Mortgage Loan and is subject to the Real Estate Settlement Procedures Act ("RESPA") of 1978 and its implementing regulation, Regulation X and the Dodd-Frank Act.   The Plaintiff's Demands contained information to enable the Defendant Banks to identify the Plaintiff's Loan including the borrower's name, loan number and property address.  Also, the Plaintiff's Demands and QWRs contained requests for information of the loan, specifically the identity and contact information of the creditor of the Plaintiffs' Note, a complete loan history, accumulated late fees and charges and requested information to verify the validity of the purported debt owed to the Defendant Banks.  Accordingly the Plaintiff prays for a judgment in the Plaintiff's favor and against the conspirators, jointly and severally.  See Plaintiff's Declaration that shall be filed

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

contemporaneously with the filing of this Plaintiff's Complaint For Damages, or shortly thereafter, as "Excerpts of Record" in support of Plaintiff's Complaint For Damages.

## XV.

## THIRD CAUSE OF ACTION R.I.C.O. SUPPORTED BY THE DEFENDANT'S VIOLATIONS OF CALIFORNIA CIVIL CODE §§ 17200 & 17210 AND FRAUD PURSUANT TO THE COMMON LAWS OF CALIFORNIA AND RESPA

40.     The United States Racketeer Influenced Corrupt Organization ("R.I.C.O.") Statute in accordance and pursuant to Title 18 U.S.C. § 1961 provides, in relevant part, the following:

(1) [R]acketeering activity "means . . . any act which is indictable under any of the provisions of title 18, United States Code: . . . section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344 (relating to financial institution fraud) . . . section 1951 (relating to interference with commerce or extortion), section 1952 (relating to racketeering), . . . section 1956 (relating to the laundering of monetary instruments) . . . , [and] sections 2314 and 2315 (relating to interstate transportation of stolen property) . . . . § 1962." Prohibited Conduct:

"(a) It shall be unlawful for any person who has received any income derived . . . from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal . . . to use or invest . . . any part of such income . . . in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in . . . commerce.

(b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain . . . any interest in or control of any enterprise which is engaged in . . . commerce.

-30-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

(c)  It shall be unlawful for any person employed by or associated with any enterprise engaged in . . . commerce, to conduct or participate . . . in the conduct of such enterprises affairs through a pattern of racketeering activity or collection of unlawful debt.

(d)  It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.  Title 18 U.S.C. § 1964 – Civil Remedies.

(e)  Any person injured in his business or property by reason of a violation of § 1962 of this chapter may sue therefore in any appropriate United States District court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorneys' fees. . . ."

41.  At all relevant times, the Plaintiff was a "person" for the purposes of the R.I.C.O. Act – Title 18 U.S.C. § 1964(c).  At all relevant times, the Defendant was a "person" for the purposes of the R.I.C.O. Act – Title 18 U.S.C. § 1962.   At all relevant times, the Defendant formed an association-in-fact for the purpose of bifurcating mortgages, selling them off and then filing fraudulent mortgage foreclosures intended to conceal the unlawful bifurcations.   This association-in-fact is an "enterprise" within the meaning of R.I.C.O. – Title 18 U.S.C. §§ 1961(4) and 1962.   At all relevant times, the Defendant engaged in activities that affected interstate and foreign commerce within the meaning of R.I.C.O. – Title 18 U.S.C. § 1962.  At all relevant times, the Defendant engaged in "racketeering activity" within the meaning of Title 18 U.S.C. § 1961(1) in the acts set forth as referenced above included the collection of unlawful debts.  These acts constitute a violation of one or more of the following sections of Title 18 U.S.C. § 1341 (relating to mail fraud), Title 18 USC § 1343 (relating to wire fraud), Title 18

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

USC § 1344 (relating to financial institution fraud), Title 18 USC § 1951 (relating to interference with commerce or extortion), Title 18 USC § 1952 (relating to racketeering), Title 18 USC § 1956 (relating to the laundering of monetary instruments) and Title 18 USC §§ 2314 and 2315 (relating to interstate transportation of stolen property).  The acts alleged were related to each other by virtue of common participants, common victims (the courts, the homeowners, the junior mortgagees, the buyers of foreclosed homes and the title companies), a common method of commission and the common purpose and common result of defrauding the victims, including, however, not limited to enriching the Defendant at the expense of the victims.

42.   Upon information researched and obtained and the belief of the Plaintiff, the fraudulent scheme has continued for the past ten years and threatens to continue for longer.  The Defendant committed and/or aided and abetted the commission of tens of thousands of acts of racketeering activities in a dense pattern of fraud and deceit over a period of ten years.  At all relevant times, the Defendant received income derived from a pattern of racketeering activities or through collection of unlawful debts in which the Defendant participated as a principal and used part of this unlawful income to acquire an interest in and to establish or operate the association-in-fact that engaged in interstate commerce in order to control that enterprise.  These unlawful and spurious acts are prohibited according to Title 18 U.S.C. § 1962(a).  At all relevant times, the Defendant, through a pattern of racketeering activities and through collection of unlawful debts, acquired or maintained an interest in or control of the association-in-fact that is an enterprise engaged in interstate commerce, which are prohibited by Title 18 U.S.C. §1962(b).

43.   At all relevant times, the Defendant was employed by or participated in the association-in-fact and engaged in interstate commerce and conducted or participated that enterprise's affairs through a pattern of racketeering activity or collection of unlawful debts, which is prohibited by

-32-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Title 18 U.S.C. § 1962(c). As a result of the Defendant's violation of the R.I.C.O. Act, the Plaintiff has lost a large sum of money in an amount to be determined at trial. As a result of their misconduct, the Defendant is liable to the Plaintiff for the Plaintiff's losses in an amount to be determined at trial. In accordance and pursuant to Title 18 U.S.C. § 1964(c), the Plaintiff is entitled to recover three times its actual damages, plus punitive damages, costs and attorneys' fees from the Defendant. Accordingly the Plaintiff prays for a judgment against the conspirators, jointly and severally.

## XVI.

## FOURTH CAUSE OF ACTION

## R.I.C.O. CONSPIRACY – RESPA (ALL DEFENDANT BANKS, TRUSTEES, BENEFICIARIES, NOTARIES, SERVICERS AND EMPLOYEES INTERNALLY)

44. At all times, the Plaintiff was a "person" within the meaning of Title 18 U.S.C. §§ 1961(3) & 1964(c). At all times, the Defendant was a "person" within the meaning of Title 18 U.S.C. §§ 1961(3) and 1962(d). At all times, the Defendant's association-in-fact was an enterprise engaged in and affecting interstate and foreign commerce as defined by Title 18 U.S.C. § 1962(c). The Defendant conspired to associate in fact and to combine or confederate, directly or indirectly, to conduct the affairs of the association-in-fact through a "pattern of racketeering activity" defined by of Title 18 U.S.C. § 1961(5) in violation of Title 18 U.S.C. §§ 1962(c) and 1962(d). The Defendant (the Conspirator") was associated with the association-in-fact and agreed and conspired to violate Title 18 U.S.C. § 1962(c) and committed a series of overt acts in furtherance of the object thereof. As a result of the violation of Title 18 U.S.C. §1962(d), the Plaintiff was injured in an amount to be determined at trial and as per Title 18 U.S.C. § 1964(c) and is entitled to recover three times actual damages, plus punitive damages, costs and attorneys' fees in an

-33-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

amount to be determined at the time of trial. Note – Whenever and wherever the Plaintiff makes reference to multiple Defendants acting in conspiracy with one another, that include the employees of the Defendants, the Plaintiff asks this Court to keep in mind that the Plaintiff is not inferring that receptionist employees, filing clerks and other types of employee were involved in the furtherance of carrying out the Artificed Fraudulent Scheme as articulated in this Plaintiff's Complaint For Damages and that the terms "Employees" used in such context by the Plaintiff is limited to certain key employees who either conspired or aided and abetted to carry out the aforementioned Artificed Fraudulent Scheme.

<div align="center">

**XVII.**

**FIFTH CAUSE OF ACTION**

**R.I.C.O. SUPPORTED BY DEFENDANT'S ROBO SIGNING, MODIFICATION, VIOLATION OF CALIFORNIA CIVIL CODE §§ 17200 & 17210, FRAUD AND RESPA (AS TO EACH INDIVIDUAL BANK AND THEIR TRUSTEE, BENEFICIARY NOTARY, SERVICERS AND EMPLOYEES INTERNALLY)**

</div>

45. The R.I.C.O. Act Statute as per the Title 18 U.S.C. § 1961 definition quoted and annunciated above applies here as well. Here again at all relevant times, the Plaintiff was a "person" for the purposes of Title 18 U.S.C. § 1964(c) and at all relevant times the Defendant was a "person" for the purposes of Title 18 U.S.C. § 1962. At all relevant times, the Defendant formed an association-in-fact for the purpose of bifurcating mortgages, selling them off and then filing fraudulent mortgage foreclosures intended to conceal the bifurcations. This association-in-fact is an "enterprise" within the meaning of Title 18 U.S.C. §§ 1961(4) and 1962. At all relevant times, the Defendant was engaged in activities that affected, interstate and foreign commerce within the meaning of Title 18 U.S.C. § 1962. At all relevant times, the Defendant was engaged

<div align="center">

-34-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

</div>

in "racketeering activity" within the meaning of Title 18 U.S.C. § 1961(1) by engaging in the acts set forth herein, including the collection of unlawful debts. The acts set forth above constitute a violation of one or more of the following: Title 18 U.S.C. § 1341 (relating to mail fraud), Title 18 U.S.C. § 1343 (relating to wire fraud), Title 18 U.S.C.§ 1344 (relating to financial institution fraud), Title 18 U.S.C. § 1951 (relating to interference with commerce or extortion), Title 18 U.S.C. § 1952 (relating to racketeering), Title 18 U.S.C. § 1956 (relating to the laundering of monetary instruments) and Title 18 U.S.C. §§ 2314 and 2315 (relating to interstate transportation of stolen property). The acts alleged herein were related to each other by virtue of common participants, common victims (the courts, homeowners, junior mortgagees, buyers of foreclosed homes and title companies), a common method of commission and the common purpose and common result of defrauding the victims and enriching the Defendant at the expense of the victims. Upon information researched and obtained and the Plaintiff's belief, the fraudulent scheme has continued for the past ten years and continues. The Defendant committed and/or aided and abetted the commission of tens of thousands of acts of racketeering in a dense pattern over a period of ten years.

46.   At all relevant times, the Defendant (Defendants WFB and WFHM in particular) received income derived from a pattern of racketeering activity or through collection of unlawful debts in which the Defendant participated as a principal and used part of this unlawful income to acquire an interest in and to establish and/or operate the association-in-fact that is engaged in interstate commerce in order to control that enterprise. These acts are prohibited in accordance and pursuant to Title 18 U.S.C. § 1962(a). At all relevant times, the Defendant, through a pattern of racketeering and through the collection of unlawful debts, acquired or maintained an interest in or control of the association-in-fact, which is an enterprise that engaged in interstate commerce.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

These acts are prohibited by Title 18 U.S.C. § 962(b).  At all relevant times, the Defendant was employed by or participated in the association-in-fact and was engaged in interstate commerce and conducted and/or participated that enterprise's affairs through a pattern of racketeering activities and/or collection of unlawful debts.  These acts are prohibited in accordance and pursuant to Title 18 U.S.C. § 1962(c).  As a result of the Defendant's violation of the Racketeer Influenced Corrupt Organizations ("R.I.C.O.") Act.  The Plaintiff has lost a large sum of money in an amount to be determined at trial.  As a result of the unlawful misconduct, i.e. the unlawful enrichment to the detriment of the Plaintiff, the Defendant is liable to the Plaintiff for Plaintiff's losses in an amount to be determined at trial.  According to Title 18 U.S.C. § 1964(c), the Plaintiff is entitled to recover three times its actual damages plus punitive damages, costs and reasonable attorneys' fees from the Defendant.  At all times material hereto, the Defendant has been involved in a conspiracy regarding Robo signing with the intent to cause injury to the Plaintiff.  Accordingly the Plaintiff prays for a judgment in against the conspirators, jointly and severally.

## XVIII.

## SIXTH CAUSE OF ACTION

## BREACH OF SECURITY INSTRUMENT (AS TO DEFENDANT)

47.  The Deed of Trust is the document that allows a non-judicial foreclosure to proceed and gives Power of Sale to the duly appointed Trustee.  As per the Deed of Trust, only the Lender can invoke the foreclosure.  As per the Deed of Trust, the Lender may appoint a trustee.  The Substitution of Trustee in this case is void due to fraud and was not executed in compliance with California Civil Code § 2934(a).  The Substitution of Trustee is invalid also because the Lender as required did not execute the document in accordance and pursuant to the terms and conditions

-36-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

of the Deed of Trust. The Defendant was never effectively substituted as the Trustee. The Notice of Default was recorded PRIOR to the assignment, which if it were the true holder-in-due-course, it would be mandatory to obtain beneficial interest in the Deed of Trust prior to invoking foreclosure. In the case of a mortgage with a power of sale, an assignee can only enforce the power of sale if the assignment is recorded legally to allow the assignee the authority to conduct the sale and must also provide express authority to conduct the sale must appear in the public records. In this case the fraudulent assignment of the Plaintiff's Note and Mortgage was recorded AFTER the Notice of Default, which proves the Notice of Default was void at its inception at the time of recording. A non-judicial foreclosure sale under the power-of-sale in a Deed of Trust must be conducted in strict compliance within the provisions of the applicable statutory law. A trustee's powers and rights are limited to those set forth in the Deed of Trust and the laws applicable thereto.

48. The notice of acceleration and notice to cure given to the borrower pursuant to the Plaintiff's Deed of Trust and notice of acceleration given to the borrower thereof shall be deemed to satisfy the notice and opportunity to take corrective action provisions as contained therein. When there is an agreement between the Beneficiary and Trustor, such as the condition precedent contained in the Deed of Trust, a foreclosure cannot take place before the condition is satisfied. If the beneficiary fails to carry out its obligation, a subsequent foreclosure is invalid. The Defendant has not complied with any expressed provisions of the Deed of Trust and in essence has spuriously trespassed upon the Deed of Trust and the Plaintiff's Real Property. Therefore, the foreclosure and sale must be rendered void and rescinded under California Code of Civil Procedure § 3513. Any one may waive the advantage of a law intended solely for their benefit, however a law established for a public reason cannot be contravened by a private agreement.

-37-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

See California Code of Civil Procedure § 3514. One must so use their own rights so as not to infringe upon the rights of another. All the acts of the Defendant described herein are a breach of the security instrument, in this case the Deed of Trust. The Plaintiff first learned of the actions of the Defendant, including the Defendant's failure to disclose the fraud committed upon the Plaintiff in December of 2012. Any applicable statue of limitations should run from this date.

## XIX.

### SEVENTH CAUSE OF ACTION

### DECLARATORY JUDGMENT QUIET TITLE

### (TO ALL DEFENDANT BANKS AND DOE DEFENDANTS)

49.   The Plaintiff states that Title 28 USC § 2201(a) states:

> "In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of the Free Tariff Act of 1930, as determined by the administering authority, any court of the United States, upon the filing of an a appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

50.   The Plaintiff further avers that Title 28 USC § 2202 states:

> "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse 4 party whose rights have been determined by such Judgment."

Accordingly, the Plaintiff states that Defendant Banks do not have a secured or unsecured legal equitable or pecuniary interest in the lien, which is further evidenced by the Plaintiff's Deed of Trust that the Defendant Banks purported to have assigned, further noting that they have no value since the Plaintiff's Deed of Trust is wholly unsecured. The Defendant Banks claimed

-38-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

they were assigned the Plaintiff's Deed of Trust and that they were transferred a secured enforceable interest in the Plaintiff's Deed of Trust and that a perfected lien was procured by the Defendant Banks against the Plaintiff s Note, Deed of Trust and Real Property.   Thus, the competing allegations made by the Plaintiff and the Defendant establish that a real and actual controversy exists as to the respective rights of the parties hereto pertaining to the ownership of the Plaintiff's Real Property.   Consequently, the Plaintiff requests that the Court make a finding and issue appropriate orders stating that the named Defendant does not possess any right or interest in the Plaintiff's Note, Deed of Trust or Real Property that authorizes the named Defendant in fact or as a matter of law, to collect the Plaintiff's mortgage payments or to enforce the terms of the Note or Deed of Trust in any manner whatsoever.   The Plaintiff will suffer prejudice if the Court does not determine the rights and obligations of the parties because: (1) the Plaintiff will be denied the opportunity to identify the true and current creditor/lender and to negotiate with them; (2) the Plaintiff will be denied the right to conduct discovery and have the Defendant Banks claims verified by a custodian of records who has personal knowledge of the loans and all transactions related to it; and (3) the Plaintiff will be denied the opportunity to discover the true amount the Plaintiff still owes minus any illegal costs, fees and charges.

51.   The Plaintiff has sent or has caused to be sent notice of the Plaintiff's intent to rescind the subject loan transaction, however, the Plaintiff only sent out those notices to the entities that have been disclosed.   Hence, without this action, neither the rescission nor the re-conveyance that the Plaintiff is entitled to file (as attorney-in-fact for the originating lender) contemporaneously with this Plaintiff's Complaint For Damages gives the Plaintiff full and clear title to the Plaintiff's Real Property.   The Real Party in Interest on the lender's side may be the owner of the asset-backed security issued by the servicing and pooling vendor, the insurer through some claimed

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

equitable interests or the Federal Government through the United States Department of the Treasury and/or the Federal Reserve. The security is a "securitized" bond deriving its value from the underlying mortgages of which the Plaintiff's subject mortgage is one. Thus, the Plaintiff is entitled to a quiet title action against the Defendant, thereby clearing the title of the Plaintiff's purported subject mortgage encumbrance.

52. The Plaintiff states that the Defendant Banks have unlawfully claimed an interest in the Plaintiff's Real Property. However, the Defendant Banks claims' are without merit and without any rights whatsoever and the Defendant Banks have no legal or equitable right, claim or interest in and to the Plaintiff's Real Property. The Plaintiff therefore seeks a declaration and judgment that the title to the subject Real Property is vested in the Plaintiff alone and that the Defendant be declared to have no estate, right, title or interest in the subject Real Property and that the Defendant be forever enjoined from asserting any estate, right, title or interest in the subject Real Property adverse to the Plaintiff herein. The Plaintiff first learned of the actions of the Defendant Banks, including their failure to disclose required information and the fraud committed upon the Plaintiff in Late April of 2010. Any applicable statute of limitations should run from this date. Accordingly the Defendant has a duty of good faith and fair dealing that is implied in each of the contracts with the Plaintiff, including the duty to charge no more than actual costs and expenses, including attorneys' fees in connection with enforcement and foreclosure proceedings as is specifically provided in the Mortgage Note entered into by the Plaintiff.

53. The Defendant breached its duty of good faith and fair dealing, inter alia, directly or indirectly, through loan servicers, sub-servicers, warehouse lenders, wholesale lenders, retail lenders, document custodians, settlement agents, title companies, insurers and investors and others and

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

opted to pursue foreclosure enforcement proceedings.   Subsequently, the Defendant caused, directed or gave approval to its loan servicers, attorneys and other agents to seek costs and expenses including attorneys' fees from the Plaintiff in excess of amounts actually incurred or for which the Plaintiff was obligated to pay.   Based upon the foregoing, the Plaintiff is entitled to a judgment that the Defendant has breached its duty of good faith and fair dealing implied in the Plaintiff's Mortgage Note.   As a result of the Defendant's breach, the Plaintiff has been damaged in an amount equal to any and all costs and expenses including attorneys' fees charged in excess of the amount(s) that the Defendant actually incurred.

## XX.

## EIGHTH CAUSE OF ACTION

## DEFENDANT'S VIOLATIONS OF HOME AFFORDABLE MODIFICATION

## AND PROGRAM – SLANDER OF TITLE (AGAINST ALL BANK DEFENDANTS)

54.   The Defendant has consistently violated the Plaintiff's right to have a foreclosure only upon the expiration of thirty days after a denial of a modification.   Accordingly, the Defendant has violated the Plaintiff's Home Affordable Modification Program ("HAMP") Rights to a modification as well as the Plaintiff's rights for such under any statutory scheme available. Defendants WMB, JPMCB and PMC sent only the records that benefited their Defendant Trustee (ALAW), here noting that Defendant Trustee ALAW never verified the legitimacy of said records.

55.   The Plaintiff states that the Defendant's fraudulent recordation of the relevant instruments without privilege, knowledge or consent of the Plaintiff's rendered the Plaintiff's title to the subject Real Property unmarketable.   Accordingly the Plaintiff states that she has suffered actual damages for the wrongful and fraudulent recordation of the Defendant's spurious documents.

**-41-**

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

The Plaintiff states that the slander of the subject Real Property by the Defendant was intentional, fraudulent, malicious, oppressive and burdensome and deserving the imposition of punitive damages in an amount sufficient enough that such conduct will not be repeated again by the Defendant.  Consequently, the Plaintiff prays for damages in the amount of Nine Million Dollars (USD 9,000,000.00) as of a result of the aforementioned slander of title and that the Defendant will also in addition be ordered to pay all compensatory damages suffered by the Plaintiff.

### XXI.

### NINTH CAUSE OF ACTION

### CONVERSION – DECLARATORY RELIEF:  TO DETERMINE

### STATUS OF DEFENDANTS' CLAIMS [TITLE 28 U.S.C. §§ 2201, 2202]

### (AGAINST DEFENDANT BANKS AND DOE DEFENDANTS)

56.     Through wrongful foreclosure, using fraudulent means, the Defendant converted the Plaintiff's Real Property for the Defendant's own use against the true ownership thereof.  The Defendant interfered with the Plaintiff's right to control the subject Real Property that the converter is required to pay the other the full value of the subject Real Property as damages for the conversion.  The Defendant committed the three elements required to establish a cause of action for conversion: (1) interfered with the Plaintiff's right to possession of the subject Real Property at the time of the alleged conversion; (2) the Defendant's conversion was perpetrated by a wrongful act or disposition of the Plaintiff's rights to the subject Real Property; and (3) the Defendant's actions caused the Plaintiff substantial damages.  Prior to the unlawful conversion by the Defendant, the Plaintiff had possession of the subject Real Property.  The Defendant, by

-42-

### PLAINTIFF'S COMPLAINT FOR DAMAGES

means of the use of fraud, Robo-signing and similar methods converted the Plaintiff's Real Property for the Defendant's own use and benefit.

57.   **Actual Substantial Interference With Possessory Or Ownership Interests In Property**:   To establish a conversion, the Plaintiff generally must prove an actual interference with his or her ownership or right to possess property.   The Defendant interfered with the Plaintiff's dominion over the subject Real Property in a manner inconsistent with or in denial of the Plaintiff's right to own or possess the subject Real Property.   The interference by the Defendant was substantial and deliberate.

58.   **Presumed Measure of Damages**:   Under California Civil Code of Procedure § 3336 there is a statutory presumption regarding the detriment caused by the wrongful conversion of personal property.   The measure of damages is presumed to be [California Civil Code of Procedure §3336].

59.   The Plaintiff states that the Defendant Banks do not have a secured or unsecured legal, equitable or pecuniary interest in the lien evidenced by the Plaintiff's Deed of Trust and that the Defendant Banks purported assignments have no value since the Plaintiff's Deed of Trust is wholly unsecured.   Accordingly the Defendant Banks claimed they were assigned and transferred a secured enforceable interest in and perfected liens against the Plaintiff's Note, Deed of Trust and Real Property.   Thus, the competing allegations made by the Plaintiff and the Defendant herein establish that a real and actual controversy exists to the respective rights of the parties in this matter including, however, not limited to the ownership of the subject Real Property. Accordingly, the Plaintiff will suffer prejudice if the Court does not determine the rights and obligations of the parties because:  (1) the Plaintiff will be denied the opportunity to identify the true and current creditor/lender and to negotiate with them; (2) the Plaintiff will be denied the

-43-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

right to conduct discovery and have the Defendant Banks claims verified by the custodian of record who has personal knowledge of the loan and all transactions related to it; and (3) the Plaintiff will be denied the opportunity to discover the true amount the Plaintiff still owes, minus any costs, fees and charges.

60.     The conduct of the Defendant Banks, as herein described, was so malicious and contemptible that it would be looked down upon and despised by ordinary people.  The Plaintiff is therefore entitled to punitive damages in an amount appropriate and in the best interests of justice to punish Defendants Banks and to deter others from engaging in similar conduct.

## XXII.

### TENTH CAUSE OF ACTION

### VIOLATION OF 15 U.S.C. § 1692, ET SEQ

### (AGAINST DEFENDANT BANK)

61.     Fair Debt Collection Practices Act ("FDCPA").  The meaning of term "debt collector" the Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.  The Defendant Banks have attempted to collect the Plaintiff's debt obligation and thus the Defendant is a debt collector pursuant to the Fair Debt Collection Practices Act ("FDCPA").  The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts.  "A debt collector is someone who regularly collects or attempts to collect, directly or indirectly, debts owed that are due or which are asserted to be owed or due." Title 15 U.S.C.§ 1692a(6).  Federal law prohibits the use of "any false, deceptive or misleading representation or means in connection with the collection of any debt  [including]

-44-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

the false representation of ... the character, amount or legal status of any debt ... or [t]he threat to take any action that cannot legally be taken ...." Title15 U.S.C. §1692e (2) (A), (5).

62.   The Defendant Banks attempted to collect on the Note under false pretenses, namely that the Defendant Banks were assigned the Plaintiff's debt.   The Defendant Banks, acting as the Plaintiffs mortgage servicer, have been acting in a manner to mislead the Plaintiff into believing that Defendant Banks had the authority to demand payments from the Plaintiff.   In so doing the Defendant Banks, acting as the Plaintiff's mortgage servicer, threatened to take action, namely engaging in collection activities that could not legally be taken.  As alleged herein, the Plaintiff's Note was not properly transferred to the Defendant Banks, who sought to cause the Defendant Banks purported authorized agent(s) to collect mortgage payments and engage in other unlawful collection practices.   The Defendants Banks do not have a perfected security interest in the Plaintiff's Note and therefore the Defendant cannot enforce the Plaintiff's obligation by collecting mortgage payment.  The Plaintiff alleges that the Defendant Banks falsely represented the status of the Plaintiff's debt and the Defendant's ability to enforce the Plaintiffs debt obligation, in which they have no pecuniary, equitable, or legal interest.

63.   The conduct described above by the Defendant Banks was malicious because the Defendant Banks knew that they were not acting on behalf of the current pecuniary beneficiary of the Note and Mortgage.   However, despite such knowledge, the Defendant Banks continued to demand and collect the Plaintiff's mortgage payments.  The Defendant Banks engaged in a pattern and practice of defrauding the Plaintiff during the entire life of the Plaintiff's mortgage, here noting that the Defendants Banks failed to properly credit payments made by the Plaintiff by incorrectly calculating interest on the account and by failing to accurately debit fees.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

64.  Defendant Banks had actual knowledge that the Plaintiff's account was not accurate, however, the Plaintiff would continue to make further mortgage payments to the Defendant Banks based on Defendant's inaccurate account.  The Plaintiff made payments based on these improper, inaccurate and fraudulent representations.  The foregoing acts and omissions of the Defendant and the Defendant's agents constitute numerous and multiple violations of the FDCPA, including, however, not limited to, the above-cited provisions of the FDCPA, Title 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.  The Plaintiff could not have reasonably known of the existence of a claim for violation of Title 15 U.S.C. § 1692(e) because the Defendant Banks fraudulently concealed the fact that they were not entitled to enforce the Plaintiff's debt obligation and that they were falsely representing to the Plaintiff that the character and amount of money that the Plaintiff still owed on the debt.  As a result of the Defendant's violations of the FDCPA, the Plaintiff is entitled to actual damages pursuant to Title 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to Title 15 U.S.C. § 1692k(a)(2)(A); reasonable attorneys' fees and costs pursuant to Title 15 U.S.C. § 1692k(a)(3); and declaratory relief from the Defendant Banks herein.

65.  The Plaintiff relied on the Defendant Banks misrepresentations and has been damaged in the following ways:  (1) multiple parties may seek to enforce their debt obligations; (2) the title to the Plaintiff's home has been clouded and its salability has been rendered unmarketable as any potential buyer of the Plaintiff's home would find themselves in legal limbo unable to know whether they can safely buy the Plaintiff's home or if they could obtain Real Property Title Insurance; (3) the Plaintiff has been paying the wrong party for an undetermined amount of time and overpaid interest that was over calculated; (4) the Plaintiff is unable to determine whether the Plaintiff sent his monthly mortgage payments to the right party; (5) the Plaintiff's credit and

-46-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

credit score has been damaged; and (6) the Plaintiff has expended significant funds to cover the cost of attorneys' fees and related costs.

## XXIII.

## ELEVENTH CAUSE OF ACTION

## VIOLATIONS OF BUSINESS AND PROFESSIONS CODE §§ 17200, ET SEQ.

## (AGAINST DEFENDANT BANKS AND DOE DEFENDANS)

66.   By engaging in the above-described acts and practices, the Defendant Banks have committed one or more acts of unfair competition within the meaning of California Business and Professions Code §§ 17200, et seq.  California Business and Professions Code §§ 17200, et seq. prohibits acts of unfair competition, which means and includes any unlawful, unfair or fraudulent business act and conduct that is likely to deceive and is fraudulent in nature.  The Defendant Banks' conduct, for the reasons stated herein, is in direct violation of Title 15 U.S.C. § 1692 et seq. Also, the Defendants Banks' conduct, for the reasons stated herein, is in direct violation of California Penal Code § 532(f)(a)(4).  The Defendant Banks engaged in unfair, unlawful and fraudulent business practices with respect to mortgage loan servicing and related matters, further noting that the Defendant Banks failed to disclose the principal for which documents were being executed and recorded in violation of California Code of Civil Procedure § 1095.  Accordingly, the Defendants Banks demanded and accepted payments for debts that were non-existent and reported payments as late to credit bureaus without the legal right or authority to do so.

67.   The Defendant Banks acted as beneficiary without the legal authority to do so and in so doing facilitated, aided and abetted the illegal, deceptive and unlawful enforcement of the Plaintiff's Note and Mortgage and engaged in other illegal debt collection activities.  The Defendant Banks, acting as the Plaintiff's mortgage servicer, have been acting in a manner to mislead the Plaintiff

-47-

## PLAINTIFF'S COMPLAINT FOR DAMAGES

into believing that Defendant Banks had the authority to demand payment. Accordingly, the Plaintiff's Note was not properly transferred to Defendant Banks who sought to cause their purported authorized agent(s) to collect mortgage payments and engage in other unlawful collection practices. The Defendant Banks do not have a perfected security interest in the Plaintiff's Note in a manner by which they can enforce the Plaintiff's financial obligation and/or collect mortgage payments. The Plaintiff alleges on information and belief that the Defendant Banks fraudulently enforced a debt obligation in which they had no pecuniary, equitable or legal interest. As such the Defendant Banks' conduct is part of a fraudulent debt collection scheme.

68. The above conduct described by Defendant Banks was malicious because they were not acting on behalf of the current pecuniary beneficiary of the Plaintiff's Note and Mortgage. However, despite such knowledge, the Defendant Banks continued to demand and collect the Plaintiff's mortgage payments. At all times material, the Defendant Banks had actual knowledge that the Plaintiff's account was not accurate and that the Plaintiff would continue to make further payments based on the Defendant Bank's inaccurate accounting. The Plaintiff made payments to the Defendant Bank's based on these improper, inaccurate and fraudulent representations. The Defendant Bank's acts and practices were unlawful. This unlawful conduct is ongoing and continues to this date. Accordingly, the Defendant Banks acts and practices are likely to deceive members of the public, further noting that the Defendant Banks acts and practices are unfair and the harm caused by this unlawful and unfair practice and conduct outweighs any benefits that the Plaintiff may have.

69. The Plaintiff alleges that by engaging in unlawful and unfair practices and acts as alleged herein, that the Defendant Banks violated several laws including California Business and Professions Code §§ 17200 et seq. and must be required to disgorge all profits related to the Defendant

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

Banks unfair, unlawful and deceptive business practices. The Plaintiff alleges that the Defendant Banks misconduct gave the Defendant Banks an unfair competitive advantage over their competitors. The scheme implemented by the Defendant Banks was designed to defraud California consumers and enrich the Defendant Banks at the expense and demise of the Plaintiff. Accordingly the foregoing acts and practices have caused substantial harm to California consumers including the Plaintiff. By reason of the foregoing, the Defendants Banks have been unjustly enriched by collecting payments that they are not entitled to receive. Thus the Defendant Banks should be required to make restitution to the Plaintiff and other California consumers who have been harmed. Therefore the Defendant Banks should be enjoined from continuing in such practices pursuant to California Business and Professions Code §§ 17203 and 17204. As a direct and proximate result of the actions of the Defendant, the Plaintiff has been injured in that a cloud has been placed upon the title of the Plaintiff's Real Property and the Defendant Banks have failed to remove this cloud from the Plaintiff's title. The Plaintiff hereby requests that the Court issue an order compelling the Defendant Banks claiming an interest in and to the Plaintiff's Real Property and to take any and all actions necessary to remove the cloud they have placed upon the Plaintiff's Real Property title along with an order enjoining the Defendants Banks from taking such actions again in the future.

70.   As a direct and proximate result of the violations of California Business and Professions Code § 17200 by the Defendant Banks, Plaintiff has suffered actual pecuniary damages, including, however, not limited to civil liability, restitution and injunctive relief preventing the Defendant Banks from continuing to collect mortgage payments and attorneys' fees in an amount to be proven at trial. Due to the Defendant Banks' violations of California Business and Professions Code § 17200, the Plaintiff has been damaged in the following ways:

-49-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

(1)     Multiple parties sought to enforce the Plaintiff's financial debt obligation(s);

(2)     The title of the Plaintiff's Real Property has been clouded and its salability has been rendered unmarketable;

(3)     The Plaintiff has been paying the wrong party for an undetermined amount of time and has overpaid in interest that was over calculated;

(4)     The Plaintiff is unable to determine whether she sent her monthly mortgage payments to the right party;

(5)     The Plaintiff's credit and credit score have been damaged; and

(6)     The Plaintiff has expended significant funds to cover the costs of the Defendant Banks' unlawful foreclosure activities.

## XXIV.

## TWELFTH CAUSE OF ACTION

## BIFUCATION OF THE DEED OF TRUST FROM THE NOTE

75.     The Note and Mortgage were severed or bifurcated when the Defendant Banks' Deed of Trust was fraudulently assigned to the REMIC Trust.  The Defendant Banks were never a beneficiary under the Note.  The Defendant purportedly held the Mortgage as "nominee" for he Defendant Banks only and was an assignee of a fraudulently conveyed Deed of Trust.  Since the only party who could authorize the mortgage assignment would be the Trustee and/or the Investors of the REMIC Trust, it could be the Trustee and/or Investor(s) of the REMIC Trust that could foreclose on the Plaintiff's Real Property.  The Defendant Banks assigned mortgages that were prepared by an agreement between the Defendant Banks only.  These Defendant Banks used false information regarding the individuals executing such mortgage and assignment.  Defendant Banks filed and caused to be filed an assignment of mortgage on the public record and provided

## PLAINTIFF'S COMPLAINT FOR DAMAGES

these false documents to prove chain of title that does not exist. The Defendant Banks, having no ownership in the Note, beneficial or otherwise, caused a separation of the Deed of Trust and the Note. The Defendant's system was flawed from the beginning so long as the Defendant Banks did not place the Notes in the REMIC Trusts within 90 days or at least by the cut-off (closing) date. See *In Re: Veal*, Opinion, Ninth Circuit Court of Appeals, Filed June 10, 2011, holding:

    a.   When a note is split from a deed of trust "the note becomes, as a practical matter, unsecured." Restatement (Third) of Property (Mortgage) § 5.4 cmt. at (1997). Additionally, if the deed of trust was assigned without the note, then the assignee, "having no interest in the underlying debt or obligation, has a worthless piece of paper."

76.    Due to all the reasons stated herein, such actions of the Defendant Banks collectively created scenarios by which such actions created a bifurcation of the Deed of Trust from the Note. Accordingly the Plaintiff is entitled to such relief as is set forth in this Plaintiff's Complaint For Damages and such further relief as is set forth below in the section captioned Prayer for Relief which is by this reference incorporated herein.

## XXV.

## THIRTEENTH CAUSE OF ACTION

## JUDICIAL ESTOPPLE – DEFENDANT IS NOT THE BENEFICIAL OWNER OF THE NOTE

77.    Due to the previous positions that the Defendant has taken and also prevailed, the Defendant is judicially estopped from taking any position inconsistent thereof. Accordingly, the Plaintiff is entitled to such relief as is set forth in this Plaintiff' Complaint For Damages that the Defendant be and hereby estopped from taking any position contrary to positions in which it prevailed and

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

such further relief as is set forth below in the section captioned Prayer for Relief which is by this reference incorporated herein.

### XXVI.

### FOURTEENTH CAUSE OF ACTION

### DECLARATORY JUDGMENT – THE BANK DEFENDANTS DO

### NOT OWN THE NOTE (TO ALL BANK DEFENDANTS)

78.   The Plaintiff states that the Defendant Banks do not have a secured or unsecured legal, equitable or pecuniary interest in the lien evidenced by the Deed of Trust and that the Defendant Banks' purported assignments have no value since the Plaintiff's Deed of Trust is wholly unsecured. The Defendant Banks claim they were assigned and transferred a secured enforceable interest in and perfected liens against the Plaintiff's Note, Deed of Trust and Real Property. Thus, the competing allegations made by the Plaintiff and the Defendants as contained herein establish that a real and actual controversy exists as to the respective rights of the parties to this matter, including the ownership of the Real Property. Accordingly, the Plaintiff requests that the Court make a finding and issue appropriate orders stating that none of the named Defendants have any right or interest in and to the Plaintiff's Note, Deed of Trust or the Real Property that authorizes them in fact or as a matter of law, to collect the Plaintiff's mortgage payments or enforce the terms of the Note or Deed of Trust in any manner whatsoever. The Plaintiff will suffer prejudice if the Court does not determine the rights and obligations of the Parties hereto because:

1.  The Plaintiff will be denied the opportunity to identify the true and current creditor/lender and negotiate with them;

2.   The Plaintiff will be denied the right to conduct discovery and have the Defendants Banks claims verified by a custodian of records who has personal knowledge of the loans and all transactions related to it; and

3.   The Plaintiff will be denied the opportunity to discover the true amount that the Plaintiff still owes minus any illegal costs, fees, and charges, if any.

81.   The Plaintiff states that the Defendant Banks do not own the Note.   The real party in interest on the lender's side may be the owner of the asset backed security issued by the Servicing and Pooling vendor, the insurer through some claim equitable interests or the Federal Government through the United States Department of the Treasury or the Federal Reserve.   The security is a "securitized" bond deriving its value from the underlying mortgages of which the subject mortgage is one.   Thus, the Plaintiff is entitled to the Defendant Banks having no mortgage encumbrance.   Accordingly, the Plaintiff states that the Defendant Banks' claim an interest in the Subject Property.   However, the Defendant Banks' claims are without merit whatsoever meaning that the Defendant Banks have no legal or equitable rights, claim, or interest in the subject Real Property.

82.   The Plaintiff therefore seeks a declaration and judgment that the title to the subject Real Property is vested in the Plaintiff alone and that the Defendant Banks herein be declared to have no estate, right, title or interest in the subject and to the subject Real Property and that the said Defendant Banks be forever enjoined from asserting any estate, right, title or interest in the subject Real Property adverse to the Plaintiff.   Accordingly, the Plaintiff prays for a judgment against the Conspirators for a Declaration in the Plaintiff's favor, jointly and severally.

/////

/////

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

## XXVI.

## FIFTEENTH CAUSE OF ACTION

## BREACH OF CONTRACT

83.   The Note states that the Plaintiff could prepay the Note at anytime.  The Plaintiff specifically requested such information from the Defendant Banks.  The Defendant Banks were contractually obligated to inform the Plaintiff about this information.  In spite of this, the Defendant Banks did not respond to such request from the Plaintiff.  Accordingly, the Plaintiff has suffered injury as a result thereof, here noting that the Plaintiff has a right to know the identity of the lender. Further, all of the Trusts in that assigned the Plaintiff's Note have been closed.  Therefore the Plaintiff prays for a judgment against the Defendant Banks and any other remedy this Court deems just and proper.

## XXVII.

## SIXTEENTH CAUSE OF ACTION

## VIOLATION OF THE UNIFORM FRAUDULENT CONVEYANCE ACT

84.   As delineated in this Plaintiff's Complaint For Damages, the Defendant repeatedly and fraudulently transferred various operative instruments pertaining to the subject Real Property (e.g. the Deed of Trust and the Note) to persons who were not entitled to receive negotiation in violation of the Uniform Fraudulent Conveyance Act.  Each of these transfers was made with the intent to hinder, defraud and delay the Trust.  For the record, the Defendant Banks operated the REMIC Trusts.  The Plaintiff knew of some fraudulent conveyances, however, the Plaintiff did not know that all Defendant Banks' conveyances were fraudulent within the meaning of the Uniform Fraudulent Conveyance Act.  See Chapter 242 "Uniform Fraudulent Conveyance Act"

-54-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

242.06, Section 242.01(2).  As a result of the Defendants' misconduct, the Plaintiff has suffered and will continue to suffer tremendous economic loss and other damages.

85.     The aforementioned fraudulent acts of the Defendant were committed with malice and a calculated intent to defraud the Plaintiff.  Accordingly, the Plaintiff is entitled to punitive and exemplary damages against the Defendant in an amount to be shown according to proof at time of trial.  As a result of the Defendants' misconduct, the Plaintiff is entitled to rescission, restitution and concomitant relief.  Therefore, as a result of the Defendants' misconduct, the Plaintiff is entitled to injunctive relief forcing a return of the subject Real Property and making restitution for all sums laundered or otherwise unlawfully taken by the Defendant.

## XXVIII.

### SEVENTEENTH CAUSE OF ACTION

### UNJUST ENRICHMENT

86.     The Defendants received moneys and/or properties belonging to or provided by the Plaintiff.  As such the Defendant benefited from the receipt of such moneys and/or the subject Real Property at the expense of the Plaintiff.  Under the principles of equity and good conscience, the Defendant should be required to repay to the Plaintiff the amount of the unjust enrichment – times three, i.e. treble damages.  As a result of the Defendant's misconduct, the Plaintiff has suffered and will continue to suffer tremendous economic loss and other damages.  The aforementioned fraudulent acts of Defendants were committed with malice and a calculated intent to defraud the Plaintiff.  The Plaintiff is entitled to punitive and exemplary damages against the Defendant in an amount to be shown according to proof at time of trial.  As a result of the Defendant's misconduct, the Plaintiff is entitled to rescission, restitution and concomitant relief in addition to injunctive relief forcing the return of the subject Real Property and making restitution for all sums laundered or

-55-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

otherwise unlawfully taken by the Defendant.  Based on Defendant's actions, a buyer purchased the Plaintiff's Real Property at a foreclosure sale on or about October 22, 2014 that must be declared an unlawful foreclosure sale, i.e. the fruits of the unjust enrichment and/or the "Fruits of the Poisonous Tree."

### XXIX.

### TENDER

87.   The Plaintiff herein offers Tender.  This case stands for the proposition that the actual, physical delivery of a note and mortgage prior to the execution of an assignment may vest the Plaintiff with standing based upon an equitable transfer.  The assignments that are the basis of this Plaintiff's Complaint For Damages are from the Defendant.  The Defendant served in a very limited capacity.  Specifically, Defendant WMB arranged the Mortgage Loan for the Plaintiff and in turn passed the Plaintiff's Mortgage to the Securitization Trust and in turn the Securitization Defendant passed the Plaintiff's Mortgage to the REMIC Securitization Trust pooled the Plaintiff's Mortgage with other mortgage as "Pass-Through Certificates" and/or "Mortgage backed Securities ("MBS")."  Therefore Defendants WMB, JPMCB and PMC have no substantive rights and therefore cannot assign what it does not have.  "A nominee of the owner of the note and mortgage may not effectively assign the note and mortgage to another for want of an ownership interest in said note and mortgage by the nominee."  See *LaSalle Bank Nat. Ass'n v. Lamy*, 824 N.Y.S.2d 769, 2006 WL 2251721 (Sup. 2006).

88.   The Defendant lacks standing at the inception of this case, which is not a defect that may be cured by the acquisition of standing after the case is filed.  To acquire such standing is not theoretically and statutorily implausible, however impossible.  It follows that the Defendant Banks lacked Prudential Standing under these circumstances.  There is no evidence of record nor

-56-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

can it be established that Defendants WMB, JPMCB and PMC were authorized to assign anything regarding the Plaintiff's Promissory Note, Deed of Trust or the Plaintiff's Real Property and therefore, any assignments by Defendants WMB and/or JPMCB and/or PMC would be invalid.   The Defendant lacks standing now based on the substantive deficiencies with an assignment from Defendants WMB, JPMCB and PMC.  Absent standing, the Defendant would have no justifiable cause.

89.   Demand has previously been made with respect to the Plaintiff's request for a pay-off.   The Plaintiff did not get a response from the Defendant, here noting that the Plaintiff has a right to know the true identity of the Plaintiff's Note Holder.  However, in accordance with the terms of the Note, again the Plaintiff is making demand on all Defendant Banks to declare who owns the Note so that tender be offered as the Plaintiff has a right to receive the original of such document.  This Court must instruct the Defendant Banks to Produce said original document (original Promissory Note).  Should the Defendant Banks not be able to produce said originals, this Court must issue an Injunction against all future foreclosures by the Defendant within this state.

90.   As enumerated above, the Note was bulk transferred to the Trusts in the first 90 days of the Note's existence and/or by the cut-off date.  All cut-off dates with respect to the Plaintiff's Note have been reached.  However, the fatal blow is that the Trusts involved in said transactions were never legally disclosed.

91.   **THE SUM OF THIS EQUATION IS THAT ALL ASSIGNMENTS DONE ON BEHALF OF DEFENDANT CALIORNIA RECONVEYANCE COMPANY AND ALAW IN ASSOCIATION WITH CT LIEN SOLUTIONS, WERE NOT PERFORMED WITHIN**

-57-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

**CERTAIN STATED RULES OF A SPECIFIC CORPORATE RESOLUTION, MEANING THAT THE TRUSTS OWNED THE NOTES.**

As a result of the Plaintiff's request for pay-off, the Defendant Banks must comply by producing the original notes and accounting so that the Plaintiff can know what is legitimately owed. Should the Defendant Banks not be able to produce such, the Plaintiff would be entitled to injunctive relief forcing the return of the subject Real Property and making restitution for all sums laundered or otherwise unlawfully taken by the Defendant.

### XXX.

### PRAYER FOR RELIEF

92.   WHEREFORE, the Plaintiff prays for a judgment in Plaintiff's favor against in the Defendant(s), jointly and severally, as follows:

1.   A temporary restraining order and a preliminary injunction temporarily enjoining the Defendant – Conspirators from remolding and re-selling the Real Property of the Plaintiff pending the final resolution of this case before this Court;

2.   An Order permanently enjoining the Defendant Conspirators, jointly and severally, from future foreclosures with using broken chains of title, straw-man tactics and/or concealed bifurcated mortgages or without support of claim in the Official Records of the County Recorders Office of the Deed of Trust;

3.   An Order compelling the Defendant – Conspirators to provide an accounting of the Real Property taken or reduced in value by mortgage foreclosures brought by the Defendant – Conspirators using broken chains of title, straw-man tactics and/or concealed bifurcated mortgages or without support of claim in the Official Records of the County Recorders Office of the Deed of Trust;

-58-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

4.    An award of restitution and disgorgement to the Plaintiff to remedy Defendant – Conspirators' unjust enrichment, in an amount to be determined at trial;

5.    An award of Punitive and exemplary damages in an amount to be determined at trial in addition to actual damages;

6.    An award of pre and post-judgment interest in an to be determined at trial;

7.    An award of reasonable attorneys' fees to the Plaintiff;

8.    Trial by jury for all legal claims so triable;

9.    For all other legal and equitable remedies available under the law of the United States and of the States of California for the wrongs alleged herein;

10.   Any further relief this Court may find to be just or equitable;

11.   Declaring that the Defendant was unjustly enriched resulting from the breach of contract due to Defendant's violation of the duty of good faith and fair dealing;

12.   Awarding damages against the Defendant, in an amount to be determined at trial, together with prejudgment interest at the maximum rate allowable by law;

13.   To the extent the Court finds any ambiguity used by the Defendant in provisions pertaining to the borrower's obligation to reimburse the Defendant, indirectly or indirectly, for its attorneys' fees, to Order the Defendant to redraft the same in a manner that fully and fairly describes the obligations of the borrower;

14.   Awarding the Plaintiff her costs and disbursements and reasonable allowances for the Plaintiff counsel and expert's fees and expenses;

15.   An order compelling the Defendant to transfer or release legal title and any alleged encumbrances thereon regarding possession of the subject Real Property to the Plaintiff herein;

-59-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

16. For a determination that the Plaintiff is the rightful holder of title to the Real Property and that the Defendant be declared to have no estate, right, title or interest in said Real Property;

17. For a judgment forever enjoining the Defendant from claiming any estate, right to title, or interest in the subject Real Property;

18. For a judgment that the foreclosure that was commenced be deemed and declared illegal and void enjoining any and all further proceedings;

19. For actual, compensatory, punitive damages and costs herein incurred;

20. For a monetary award of Three Million Dollars (USD 3,000,000.00) in favor of the Plaintiff.

21. For such other further relief as the Court may deem just and proper.

DATED: January 8, 2015

Respectfully Submitted:

Elizabeth Barry – *In Pro Per* And *In Persona Propria*

-60-

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

## PROOF OF SERVICE
### ELIZABETH BARRY –VS– WASHINGTON MUTUAL BANK, FA, ET AL

STATE OF CALIFORNIA, COUNTY AND CITY OF LOS ANGELES

I, John P. Kissonas hereby affirm that I am not a party to the within cause and action pending before the United States District Court for the Central District of California (Western Division) and that I am a citizen of the State of California, County of Los Angeles, City of Los Angeles, who is over the legal age of eighteen (18) years. My address is 12400 Ventura Boulevard, Suite 856, Studio City, California 91604.

On January 8, 2015, I served the following document(s) entitled: **"Plaintiff's Complaint For Damages And Notice Of Quiet Title Alleging Fraud Upon The Plaintiff By The Defendant To Unlawfully Transfer Ownership Of Plaintiff's Real Property"** on ALL INTERESTED PARTIES in this action.

SEE ATTACHED SERVICE LIST

[X]   **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the practice of collection and processing correspondences, pleadings and other materials for mailing within the United States Postal Service. The correspondence, pleadings and other matters are deposited with the United States Postal Service with postage affixed thereon fully prepaid in Los Angeles, California, on the same day in the ordinary course of business. I am aware that on motion of party served, that service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of the deposit for mailing in the affidavit.

[ ]   **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to _____ for delivery to the above address(es).

[ ]   **BY TELEFACSIMILE:** I transmitted a copy of the foregoing document(s) this date via Telecopier to the facsimile numbers shown above.

[ ]   **BY PERSONAL SERVICE:** I served such envelope to be delivered by hand to the offices of the addressee(s).

[ ]   [State]   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X]   [Federal]   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct..

Executed on January 8, 2015 in Studio City, California

John P. Kissonas

-61-

### PLAINTIFF'S COMPLAINT FOR DAMAGES

**PROOF OF SERVICE**
**ELIZABETH BARRY –VS– WASHINGTON MUTUAL BANK, FA, ET AL**

WASHINGTON MUTUAL BANK, FA
2210 Enterprise Drive
Florence, South Carolina 29501

WASHINGTON MUTUAL BANK, FA
1601 Bryan Street
Dallas, Texas 75201

JP MORGAN CHASE BANK NATIONAL ASSOCIATION
7301 Baymeadows Way
Jacksonville, Florida 32256-9380

CALIFORNIA RECONVEYANCE COMPANY
9200 Oakdale Avenue
Mall Stop CA2-4379
Chatsworth, California 91311

PENNYMAC CORP.
6101 Condor Drive, Suite 300
Moorpark, California 93021

CT LIEN SOLUTIONS
Post Office Box No.: 29071
Glendale, California 91209-9071

ALAW
9200 Oakdale Avenue, Third Floor
Chatsworth, California 91302

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ )

Elizabeth Barry
9782 Oak Pass Road
Beverly Hills, California  90210

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

SEE CIVIL COVER SHEET CONTINUATION PAGE

**(b)** County of Residence of First Listed Plaintiff  __Los Angeles__
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  __Other__
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Elizabeth Barry
9782 Oak Pass Road
Beverly Hills, California  90210
Telephone No:

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

UNKNOWN

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ 3,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Complaint For Damages based on Lack of Standing by spurious Beneficiary of the Plaintiff's Deed of Trust and Promissory Note

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☒ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number:    CV15-147

CV-71 (11/13)            CIVIL COVER SHEET            Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☒ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| ☐ Yes  ☒ No | ☒ Los Angeles | ☐ Los Angeles | Western |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☒ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

| C.1. Is either of the following true?  If so, check the one that applies: | C.2. Is either of the following true?  If so, check the one that applies: |
|---|---|
| ☐ 2 or more answers in Column C | ☐ 2 or more answers in Column D |
| ☐ only 1 answer in Column C and no answers in Column D | ☐ only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br>If none applies, answer question C2 to the right. ➡ | Your case will initially be assigned to the EASTERN DIVISION.<br>Enter "Eastern" in response to Question D, below.<br>If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western Division |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** *Elizabeth Barry*     DATE:  December 31, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# CIVIL COVER SHEET CONTINUATION PAGE

**<u>Defendants:</u>**

Washington Mutual Bank, FA;
California Reconveyance Corporation;
JP Morgan Chase Bank National Association;
PennyMac Corp.;
CT Loan Solutions;
ALAW.